Jones, Administrator of Shultz, *v.* Van Patten.

.After the transcript of a record has been filed in the Supreme Court, the Court below may correct a clerical error in the record, and upon the correction being properly certified to the Supreme Court, it will become part of the record of the latter Court.

The measure of damages for the violation of a simple contract, where vindictive damages are not authorized, is the amount necessary to have put the party injured in as good a condition when the contract was broken as if he had not made the contract.

Exceptions to the admissibility of evidence will not be regarded by the Supreme Court, in a civil action, unless they appear, by the record, to have been taken before the jury retired to deliberate upon their verdict.

Exceptions to the instructions of the Court to the jury, will not be noticed in the Supreme Court, unless they appear, by the record, to have been taken before the jury delivered their verdict.

ERROR to the *Tippecanoe* Court of Common Pleas.

Perkins, J.—*Frederick Van Patten* sued *William Shultz* in an action of assumpsit, on the following instrument:

"This article of agreement, made this 28th day of *January,* 1848, between *Frederick Van Patten,* of the first part, and *William Shultz,* of the second part, witnesseth, that said *Frederick Van Patten* binds himself to furnish a good sound flat-boat, with a pilot and six able bow-hands, for the purpose of boating corn down the *Wabash, Ohio,* and *Mississippi* rivers, to said *William Shultz;* and said *Shultz* shall pay to said *Van Patten,* for each and every bushel delivered at any point on said rivers, designated by said *Shultz,* a freight of 18 cents per bushel; said flat-boat not to be loaded to draw over 44 inches of water. Said *Shultz* shall have, also, the privilege of choosing the pilot for said boat; the boat to be furnished with a second floor and to be sided up, on the inside, to keep the corn from the outside plank. The boat to be ready for loading as soon as the river is high enough to run her with safety, and to receive her load two miles below *Granville.* After having discharged her cargo, the boat and skiff shall be sold to the best advantage, and, should the proceeds amount to more than 50 dollars, said *Shultz* shall have the surplus. As soon as the boat has received her load-

Nov. Term,
1851.

JONES
v.
VAN PATTEN.

ing, said *Shultz* shall advance to said *Van Patten* the sum of 50 dollars, to be applied towards the payment of the freight. (Signed,) *Wm. Shultz, F. Van Patten.*"

The declaration contained two counts, and alleged that, though the plaintiff provided the boat, &c., the defendant refused to furnish the loading for the trip, &c. At the first term after the suit was commenced, the defendant appeared and pleaded the general issue to the first count, and filed a general demurrer to the second. The Court overruled the demurrer, which was then withdrawn; and an order was made that the defendant do plead to said second count, and that the plaintiff have leave to amend his declaration, and that the cause stand continued to the next term of the Court. At the next term, the plaintiff amended his declaration by adding the common counts, and the defendant, for plea to the second and the common counts, amended his plea of the general issue so as to make it applicable to the whole declaration, but this amendment was not noted by the clerk and did not appear upon the record, nor did the filing of the amended plea. The parties, however, both supposing the issue was made upon a denial of the whole declaration, tried the cause by a jury, giving evidence in the cause generally, and the jury found a general verdict for the plaintiff. The cause was brought into this Court; but the clerk of the Court of Common Pleas, not having noticed the filing of the defendant's amended plea of the general issue, the cause appeared by the record to have been tried, as to a part of the declaration, without an issue. Application was made to have the record amended in this Court, but the application was refused, not because it was deemed an amendment that should not be made, but because it was considered that the facts stated in the affidavit upon which the application was based, might, if they occurred, be within the knowledge of the Court below, and that, hence, it seemed most appropriate that the application should be made there. The affidavit spoken of was accordingly withdrawn from this Court, and an application made in the Court of Common Pleas for the

correction of the record.   That Court made the correction, and properly, as the error was clerical.   That amendment has been filed in this Court, as a part of the record of the cause, and it now stands before us, therefore, free from the objection which existed before the amendment was made.

The Court gave, among others, the following instructions to the jury:

"Should you come to the conclusion that the plaintiff has performed [offered to perform, the Court meant,] his part of the agreement, and that no subsequent agreement, arbitration, or award, has been made between the parties, waiving or doing away with the written contract, then it may become material for you to consider the question of damages.   It would be proper evidence on the part of the defendant, to show, in mitigation of damages, that, after the refusal of *Shultz* to load the boat, the plaintiff might still have got a load of some other person.   Whether the defendant has shown that the plaintiff could, after that, have procured a load out of which he could have made as much money, or have earned freight, then, this is to be taken into consideration in assessing damages in the cause."   "Should you come to the conclusion, from the evidence in this cause, that the plaintiff is entitled to recover, and that there are no circumstances proved by the defendant to abate or mitigate the damages, then, in assessing the damages, the law requires that you should award to the plaintiff, as damages, all the plaintiff could have made and cleared, had he been furnished with the corn and taken it to *New Orleans*, or the point of destination, from which the present value of the boat should be deducted."

The damages found by the jury were 450 dollars over and above the value of the boat, for which sum the plaintiff had judgment.

We think the Court erred in laying down the rule of damages.   That rule places the plaintiff in just as good a condition, without the risk and labor of making a trip down the river, as he could possibly be in on his return

from an entirely successful trip. This is certainly not equitable. There being nothing in this case to justify vindictive damages, the plaintiff should have had such damages as would have placed him in as good a condition at the time the contract was broken, as he would have been in had he not made the contract. And, when the contract was broken, instead of lying idle for the time his voyage would have consumed, he should have employed himself to as good an advantage as he reasonably could for his own gain, and made the earliest and best disposition of his boat to prevent loss. If he could not have got freight, he might, perhaps, have done something else to as good advantage; and, if his boat could not have been used by him, he should have preserved it with reasonable care or sold it, as would have been most judicious. Take an illustration : A man contracts to construct a public work which would employ him ten years and profit him a million of dollars. Just as he is ready to commence operations, he is notified that the contract must be abandoned. He sues for damages for the breach of the agreement. Now, though he was unable to obtain another contract upon a public work, still, shall he recover in the pending suit, the million of money that he could have made had he gone on and lived to complete, and been lucky in the completion of, the job he had contracted for, and have his time, for ten years, to be operating elsewhere, into the bargain? That is, be as well off then, as he possibly could have been under his contract ten years subsequently? We think not. He ought to recover what would make him reasonably whole at the time of the breach, all the circumstances of the case being considered. *Shannon* v. *Comstock*, 21 Wend. 457, and *Skinner* v. *Dayton*, 19 John. 513, are in point. See, also, *Clark* v. *Marsiglia*, 1 Denio, 317.

But, notwithstanding this erroneous instruction, we cannot reverse the judgment below. The instruction was not excepted to. A new trial was moved for and refused. An exception was taken to the refusal, and the evidence and instructions were embodied in the bill. This consti-

tutes all the objection that appears to have been made.
It is a well established general rule that erroneous steps
in the progress of a cause are waived, unless excepted to
before additional steps are taken.  If incompetent testi-
mony is permitted to go to the jury without objection, no
matter how great may have been its effect in producing
the result in the cause, this Court could not, at least, in a
civil action, reverse the judgment for that reason.   The
principle is this:  If a party object in time, the error may
be corrected without expense or trouble; and it is not
right that he should lie by, take his chance of success
over the error, and failing of it, then, at much  expense
of time and money on the part of others, overturn all
subsequent proceedings, for the correction of said error.
The  rule, therefore, as to excepting  to inadmissible evi-
dence, is, that it must be done before the jury leave the
box for deliberation, as till then, no injury has been occa-
sioned, and the Court can instruct the jury to disregard
the evidence.   As to the instructions of the Court, they
must be excepted to before the jury deliver their verdict,
as, till then, if exception be made, the Court can correct,
or the adverse party can waive, an instruction, and the
jury may be correctly advised as to the law, and returned
to review their deliberations.   To this point the authori-
ties are numerous.   7 Wend. 31.—3 Barr 44.—12 S. and
M. 679.—6 Howard's U. S. 260.—8 Mis. 656.—3 Pike,
451.—26 Me. 444.—2 Gilman, 285.

Per Curiam.—The judgment is affirmed, with 1 per
cent. damages, and costs.

D. Mace and R. Jones, for the plaintiff.

G. S. Orth and E. H. Brackett, for the defendant.