## SMITH *v.* McMILLEN.

It is error for the Court, after a jury has heard the evidence, and been charged by the Court, and retired to consider of their verdict, to send its written instructions to the jury at their room, without consent of both parties.

The jury should receive their charge, and all subsequent instructions or explanations touching their duties, in open Court, in the presence of the parties.

APPEAL from the *Hamilton* Circuit Court.

PERKINS, J.—In this case the Circuit Court permitted the written instructions given upon the trial to be sent to the jury, in the absence and without the consent of one of the parties, and after the jury had been, for a long time, in deliberation upon the case.

The principle is, that the jury shall take the law from the Court. The mode in which the Court communicates with the jury is by addressing them in open Court. The jury take the law from the Court through the ear. By so doing, they generally stand upon equality, because none but men with hearing ears are competent jurors. In the jury-room, then, each depends upon his own recollection of the instructions, and upon the impression they made upon him for their meaning, their construction; and, thus standing upon an equality, if they differ, they should come into Court, and, in presence of the parties, let the Court be the interpreter of its own instructions. But if, instead of this being done, the Court sends the written instructions to the jury, inasmuch as jurors are not upon equality in their ability to read and interpret writing, it puts it in the power of sharp ones on the jury to read, and become the interpreters for the Court, and mislead their less skillful fellow-jurors. We think instructions should not be sent to the jury-room, without consent of both parties.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for new trial.

*Stone* and *Brouse*, for the appellant.