Blacketer *v.* House.

---

## BLACKETER *v.* HOUSE.

NEW TRIAL.—*Instruction of Jury during Voluntary Absence of a Party.—Failure to Except.*—Where a defendant and his counsel voluntarily depart during the closing argument of the counsel of the opposite party, without seeking any information as to when the court will instruct the jury, and there is no rule of court in relation thereto, the fact that the court instructs the jury in their absence, on the conclusion of the argument, is not sufficient ground for a new trial; nor can such party avail himself of any alleged error in the instructions given, without exception, during his absence.

SAME.—*Failure to Instruct Fully.*—The alleged failure of the court to fully instruct the jury is not cause for a new trial, where additional instructions are not asked.

From the Fulton Circuit Court.

*K. G. Shryock* and *I. Conner,* for appellant.

*J. S. Slick,* for appellee.

Howk, C. J.—In this case, the appellee, as plaintiff, alleged, in substance, in his complaint, that the appellant, as defendant, was indebted to him in the sum of one hundred dollars, for work, labor and services rendered by the appellee for the appellant, at his instance and request, in making sale of the appellant's land in Fulton county, Indiana, to one Alfred T. Sheets, on or about the 11th day of June, 1877, which sum was due and wholly unpaid, and for

Blacketer *v.* House.

which and for all other proper relief the appellee demanded judgment.

To this complaint, the appellant answered by a general denial thereof. The issues joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of sixty dollars. The appellant's motion for a new trial having been overruled, and his exception entered to this ruling, the court rendered judgment upon and in accordance with the verdict.

In this court, the only error assigned by the appellant is the overruling of his motion for a new trial. In this motion the following causes were assigned for such new trial:

1. The verdict was not sustained by, but was contrary to, the evidence in the case;

2. The verdict was contrary to the law governing the case made by the evidence;

3. The court erred in its instructions numbered 7, 8 and 9;

4. The court's instructions were not pertinent to the case made by the evidence;

5. The court did not fully instruct the jury in relation to the law governing the case made by the evidence;

6. Irregularity and error of the court in the trial of the cause, in this, that the court gave its instructions to the jury in the absence of the defendant and of his counsel, or either of them, and without having submitted the instructions to the defendant or his counsel, and at an unusual hour for business in said court, and long after the usual hour for the adjournment of said court, and at a time when neither the defendant nor either of his counsel were present, called or otherwise notified; and,

7. Error in the statement of facts, as set out in the third instruction, as given by the court.

We will first consider and decide the questions present-

ed, or intended to be presented, by the sixth, in number, of these alleged causes for a new trial. In support of this cause for a new trial, there were four separate affidavits filed by the several attorneys of the appellant, in the defence of this suit; and, for the purpose of showing the facts relied upon by the appellant, as affording him the sixth cause for a new trial, in his motion therefor, we will set out in this connection, the substance of the affidavit of his senior counsel, Kline G. Shryock, Esq. Having been duly sworn, Mr. Shryock, on his oath, stated, in substance, that he was one of the defendant's attorneys in this suit; that he was not present in court when the charges of the court were read and delivered to the jury by the court; that he left the court room about the usual hour for adjournment of said court, and before the closing argument for the plaintiff had commenced; that he was neither called nor otherwise notified of the time of delivering said charges by the court to the jury; that the defendant, before the usual adjourning hour of said court, had left for his home, some miles in the country; that he was informed and believed, that neither Mr. Herman, nor Mr. Conner, nor Mr. Rowley, the other attorneys of the defendant, were present at the time said charges were by the court delivered to the jury, and they were neither called by the sheriff nor otherwise notified of the time said court was about to and did deliver its charges to the jury; whereby Mr. Shryock said, that he and they were deprived of the opportunity to except to said charges, at the proper time to be available to them in the Supreme Court; wherefore, and by reason of the causes set out for a new trial, Mr. Shryock asked that the verdict of the jury be set aside and a new trial granted the defendant.

The affidavits filed by the other attorneys of the appellant, in support of his motion, did not materially change the case made by the affidavit of Mr. Shryock. None

of the affidavits, as it seems to us, showed any sufficient cause for a new trial of this action. The affidavits show very clearly, and they show nothing more, that the attorneys of the appellant left the court room without showing any sufficient excuse or reason for so doing, before the trial of the cause, in which they were employed as counsel, was completed. It is not claimed that the appellant or his attorneys were, in any manner, misled or deceived by any order, rule or action of the court; but, without asking for or obtaining any information in regard to the probable or possible proceedings of the court, in the case on trial, they seem to have acted, each for himself, and, leaving the case to the care of the court and the "tender mercies" of the adverse counsel, to have severally gone where business or pleasure called them. We are bound to assume, because the contrary is not shown by affidavit or otherwise, that the court, in the discharge of its official duty, when the argument of this cause was concluded, gave its instructions to the jury, as required by law, in open court, when and where the appellant and each and all of his counsel had the right and privilege, if either of them so desired, to be personally present and take such action in regard to the instructions, as to him or them might seem proper. But we know of no rule, either of law or practice, which required the court to postpone and delay its instructions to the jury, after the argument of the case was concluded, until the appellant and his counsel, or some one or more of them, had been called by the sheriff, or brought into court by a bailiff, or otherwise notified of the time of delivering the instructions.

The only case, in which parties or their attorneys are entitled to notice of the instructions of the court to the jury, is that provided for in section 331 of the practice act, which section reads as follows: .

"After the jury have retired for deliberation, if there is

a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys." 2 R. S. 1876, p. 169.

The rule is, that, after the cause has been submitted to the jury by the charge of the court, there must be no communication whatever, by way of instruction, between the court and jury, except in open court, in the presence of, or after notice to, the parties or their attorneys. *Smith* v. *McMillen,* 19 Ind. 391; *Jones* v. *Johnson,* 61 Ind. 257; *Sargent* v. *Roberts,* 1 Pick. 337, 341. But, until such submission of the cause, it may be fairly presumed, and the court may properly act on this presumption, that, if parties or their counsel leave the court room before the trial is finally closed, they have left of choice and are absent with full notice of all that may be regularly done in the course of the trial.

It would seem from the record of this cause, that the instructions of the court to the jury were not given at an unusual hour, and that some one representing the appellant was present when they were given, or immediately afterward; for the record shows that, " after hearing the evidence introduced herein, the argument of counsel and charge of the court, the jury by agreement of the parties, are allowed to separate for their supper, before retiring to deliberate upon the verdict, and it is agreed by the parties to this cause, that, if the jury find a verdict herein, after the adjournment for the day, the same shall be signed, sealed and delivered to the sheriff, and said jury may separate to return into court to-morrow morning, at nine o'clock." This entry was made by the clerk on the 28th day of November, 1877; and the record shows that on the 29th day of November, 1877, the jury returned into court their sealed verdict, as before stated.

The third, fourth and seventh causes for a new trial relate to the instructions of the court to the jury trying the cause. The appellant is in no condition to complain, in this court, of any of the instructions. of the court below to the jury, because he failed to except to any of the instructions, at the time they were given. In section 343 of the practice act, it is provided that "The party objecting to the decision must except at the time the decision is made." 2 R. S. 1876, p. 176. The statute is mandatory. On this point, the courts have no discretion. They may give time to reduce exceptions to writing, but they can not allow a party to except, without the consent or over the objections of the adverse party, at any time subsequent to " the time the decision is made." *Coan* v. *Grimes*, 63 Ind. 21.

The fifth cause for a new trial presents no question for our decision. If "the court did not fully instruct the jury," the appellant ought to have asked for additional instructions. The failure of the court to fully instruct the jury is not, of itself, a cause for a new trial. But if such failure in fact existed, and if the appellant had asked for, and the court had refused to give, proper instructions to supply such failure, this would have been an error of law occurring at the trial, and, if the appellant had excepted thereto at the time, it would have constituted a good cause for a new trial of this action.

The only other causes for a new trial were, that the verdict of the jury was not sustained by the evidence, and that it was contrary to law. The evidence in the record tends fairly to sustain and establish the material allegations of appellee's complaint; and we can not disturb the verdict on the weight of the evidence. Certainly, the verdict was not contrary to law.

The court did not err, we think, in overruling the motion for a new trial.

The judgment is affirmed, at the appellant's costs.