No. 13,553.

## LOW v. FREEMAN.

EVIDENCE.—*Contradiction of Witness.*— *Promissory Note.*— *Consideration.*— *Payment.*—*Replevin.*—In an action of replevin against the maker for the possession of a promissory note which the defendant claims to have been given for too large a sum, in settlement of an account which was erroneously computed, and that he has paid in full the amount actually due, he has the right, after the plaintiff has testified that he has all the time claimed the face of the note and interest, to have the latter answer as to whether or not he did not, at the time the note was delivered to the defendant, make a computation, which is exhibited and offered in evidence, showing a less amount due than that stated in the note.

INSTRUCTION TO JURY.— *Written Communication.*—*Answer to Interrogatories.* —Where a jury, after retirement for deliberation, send a communication to the court that an interrogatory submitted to them embraces two questions, capable of being answered differently, and ask whether they are required to answer the whole interrogatory *yes* or *no*, the court may properly instruct them that they may answer part of the question *yes* and part *no*, if the evidence warrants it; but such instruction should be given by calling the jury into open court, and not by written communication sent to the jury-room.

From the Hancock Circuit Court.

*J. A. New* and *J. W. Jones*, for appellant.

*J. H. Mellett*, *E. Marsh* and *W. W. Cook*, for appellee.

OLDS, J.—This is an action of replevin by appellee against appellant to recover the possession of a promissory note given by appellant to appellee for $107.93, dated November 25th, 1885.

Appellant answered by general denial and an affirmative answer.

Trial by jury, verdict and judgment for appellee; motion for a new trial by appellant; motion overruled and exceptions.

Error assigned in overruling the motion for a new trial.

It was contended by the appellant that prior to the execu-

tion of the note in question in this case there existed certain notes and accounts between appellant and the estate of Benjamin Freeman, for which appellee was acting as agent; that by agreement they were to select a disinterested person to make the calculations and adjust their differences; that they selected one Cooper, and he made the computations, making the amount due the estate from appellant $107.93, and on that basis appellant gave the note in controversy, and by agreement appellant took the papers; that there was omitted from the computation which Cooper made, divers receipts and accounts held by appellant against the estate of said Benjamin Freeman, and it was agreed there was to be another computation, and appellant and appellee agreed that Ezra Eaton should make such computation, and to take into consideration all the notes, accounts and receipts not taken into account by Cooper, and that whatever amount appellant owed said estate should be left by appellant with Eaton for appellee; that Eaton made the computation, and there was due the estate from appellant only $49; that appellant paid that amount, and notified the appellee, and thereupon received possession of the note in controversy.

In short, it was claimed by appellant that the only consideration for the note in controversy was the true amount he owed the estate of Benjamin Freeman, and that the amount was in fact only $49, instead of the amount stated in the note, and that the amount of $107.93 was stated in the note by reason of the erroneous computation made by Cooper in not taking into account all the credits due appellant; that appellant had in fact paid all that was due upon the note before it was surrendered to him; that, being paid, he was lawfully entitled to the possession of the note, and did not unlawfully detain the same at the time of the commencement of this suit.

These facts were stated in the affirmative paragraph of answer, and the defence might properly have been made under the answer in denial.

The appellee was a witness in the case, and testified in his own behalf. He testified as to the note having been given to him by the appellant, and that afterwards the appellant came along by the residence of the appellee, and told appellee to go in and get the note and he would pay it; that appellee went into his house and got the note and computed the interest, and brought the note out where appellant was, and appellant asked to see the note, and he gave it to him. Appellant then asked the appellee what he claimed on the note, and he answered, the amount of the principal and interest. Appellant asked if he was sure he had made no mistake in his computation, and he answered he had not aimed to make any mistake; that nothing had been said about there being any mistake in the note.

The counsel for the appellant, in the course of the cross-examination, handed the witness, the appellee, a paper, showing a computation of amounts due on notes and accounts between appellant and the estate of Benjamin Freeman, showing the amount due the estate on November 25th, 1885, to be a balance of $68.57, which appellant claimed was in the handwriting of the witness, and asked the witness the following question :

" Well, was this calculation simply upon the note, or the accounts between Low and your father's estate, for which the note was given? That is your handwriting, isn't it?" showing the witness the statement and calculation. Objection was made and sustained, and the appellant excepted.

The counsel, proceeding, asked the witness:

" I will ask you whether that is your handwriting, and whether that is the calculation you made in the house while Low was out in the buggy waiting for you to return with the note?" Which was objected to by appellee, and objection sustained, to which ruling of the court in sustaining the objection appellant at the time excepted.

The appellant offered the computation exhibited to the

witness in evidence, which was also objected to, and objection sustained and exceptions reserved by appellant.

There is manifest error in the rulings of the court in the exclusion of this evidence.

It was contended by appellant that there was no consideration for the note except $49, and that that amount had been paid. And, on the other hand, the appellee claimed the full amount of the note, and had sworn that he claimed the full amount of the note and interest. The complaint alleges the value to be the full amount. Suppose the appellee had answered that the computation was upon the accounts existing between the appellant and the estate of the appellee's father; that the computation exhibited to him was in his handwriting; that he made it at the time he had testified he was in the house making a computation of the amount due on the note, and the exhibit had been admitted in evidence. It certainly would have tended to contradict his evidence that the whole amount of the note was due, and that he was in good faith claiming the whole amount of the note and interest. It would tend to show that the consideration for the note was the true amount due from the appellant to the estate of Benjamin Freeman, and that the amount was not more than $68.57. It would tend to show that there was a mistake in the amount of the note, and that all he was claiming at that time was the $68.57, else why was he making this computation? If the note expressed the true consideration, and there was due the amount stated in the note, and interest, why was he, when appellant called to pay it, computing the amount of the notes and accounts, and ascertaining the balance due on them to the estate?

It would certainly tend very strongly to prove the theory of the appellant that the consideration of the note was less than $107.93.

If appellee, in good faith, was claiming and believing the correct amount was stated in the note, then there was no necessity of making the computation to ascertain the state of the

account between appellant and the estate, but if appellant's theory is true, that Eaton was to make a calculation of these accounts and he was to leave with Eaton the amount found due, and that computation had been made and it was found there was only $49 due, and appellant had paid it and notified appellee that he had paid it and called for the note, then it would be natural for appellee to make a computation at that time before surrendering the note.

Appellee, in answer to the question, may have denied the computation being in his handwriting, or that it had any relation to the note in question, or that it was made at the time appellant asked and received the note, but the appellant claimed that it was in his handwriting; that it was made at that time; that appellee was then admitting that all that was due on the note was the true amount due from appellant to the estate, and only claimed such amount to be $68.57, and the only dispute at the time was whether it was $68.57 or $49, and he had the right, when appellee was on the witness stand, and having testified as he had, to have him speak upon the question and know whether he would admit or deny the facts as appellant claimed them to be.

There are some other errors assigned on the refusal of the court to admit testimony, but they are all of the same general character as those we have passed upon, and will not arise upon another trial of the case, and we deem it unnecessary to extend this opinion by stating and deciding them.

There is also error assigned as to the alleged misconduct of the judge trying the case, in sending an instruction to the jury during their deliberation without the knowledge or consent of counsel.

There were interrogatories submitted to the jury, and during their deliberation they addressed a note to the judge stating that " an interrogatory propounded embraced two questions, one of which might be answered yes, and one no, and asking whether they were bound to answer the whole question yes or no." The court wrote on the communica-

tion from the jury, and returned it to them through the bailiff, saying: "You should answer the question according to the evidence, and, if the evidence warrants it, you may answer part of the question yes and part no." This was a proper instruction to the jury, but should have been given by calling the jury into open court.

It is evident the honorable judge trying the cause had no wrong intention, and it no doubt occurred during a recess of the court at a time when counsel were not accessible, and with the belief that no harm could result from it, but it is a practice not commendable. Communications ought not to be had between court and jury except in open court, unless by the consent of counsel representing the parties to the cause. It will not occur in the re-trial of the cause, and it is unnecessary to pass upon the question as to whether it was error in this instance.

For the error herein stated, in sustaining objections to the questions propounded to appellee and excluding the testimony, the judgment must be reversed.

Judgment reversed, with costs, with instructions to the court below to sustain the motion for a new trial.

Filed Feb. 15, 1889.