SEARFOSS ET AL. *v.* GRISSOM ET AL.

[No. 12,651. Filed March 11, 1927.]

TRIAL.—*Rereading instruction to jury after it had deliberated on verdict held error, where one party was not present or notified.*—Section 593 Burns 1926 is mandatory in requiring that the parties to an action or their attorneys shall be present or have notice of the giving of any instruction after the jury has retired for deliberation, and it is construed to apply to the reading of an instruction at the request of jurors. It follows, therefore, that it was reversible error for the court to reread an instruction to the jury, after it had been deliberating on a verdict for several hours, in the absence of one of the parties and without notice to him or his counsel.

From Kosciusko Circuit Court; *L. W. Royse,* Judge.

Action by May Searfoss and others against Hascall Grissom and others. From a judgment for defendants, plaintiffs appeal. *Reversed.* By the court in banc.

*Guy W. Dausman,* for appellants.

NICHOLS, J.—Action by appellants to set aside a will on the grounds of testamentary incapacity and undue influence. There was a trial by jury which resulted in a verdict and judgment for appellees. The only error assigned is the action of the court in overruling appellants' motion for a new trial.

There is but one question for our consideration. It appears by a bill of exceptions in the record that, at the trial, and after the evidence was heard and argument of counsel had, the court instructed the jury upon the law as applied to the various features of the case, in one of which instructions, the court instructed the jury as to the degree of mental capacity the testatrix should have in order to make a will. The jury retired at 3:35 p. m. About 8 p. m., the jury not having reached a verdict, appellants' counsel informed the court that he and appellants would go home, and that the court might receive the verdict when reached in their absence. The next morning, at about 9 o'clock, in the absence of appellants and their counsel, the court called the jury and asked them whether it was probable that they could agree, upon further deliberation. Being informed that it was possible if the court would repeat to them the instruction as to mental capacity, the court thereupon, in the absence of appellants and of appellants' counsel, and without notice to them, again read to the jury such instruction. The jury then retired, and in a few minutes returned its verdict against appellants. Section 593 Burns 1926, provides as follows: "After the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they

desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys."

After quoting this section as it appears in 2 R. S. 1876 p. 169, the court, in *Blacketer* v. *House* (1879), 67 Ind. 414, 418, states that: "The rule is, that, after the cause has been submitted to the jury by the charge of the court, there must be no communication whatever, by way of instruction, between the court and jury, except in open court, in the presence of or after notice to, the parties or their attorneys," citing authorities.

It will be noted that in this case the court read to the jury, but ONE of the instructions theretofore given. Such a practice must always be attended with danger to the interest of one of the parties litigant. It would be an easy matter, after a jury had been out for some time and being unable to agree, for some one or two of the jurors to single out some particular instruction and ask the court to read it, thus giving to the jury but one side of a proposition of vital importance in the case. The said statute was designed to safeguard the interests of litigants by giving fair and unbiased instructions to the jury, covering the issues in the case, and we hold that if the jury are to be instructed after they have once retired to consider their verdict, the statute should be complied with, as to notice or presence of the parties.

Judgment reversed, with instruction to grant a new trial.

Dausman, J., absent.