THOMAS SNELLING *v.* STATE OF INDIANA.

[No. 2-574A116. Filed April 3, 1975.]

*Richard L. Milan, Craven & Milan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Snelling appeals from a conviction of theft by deception, raising the following issues for review:

(1) Whether it was reversible error to send the court's final instructions to the jury room.

(2) Whether the trial court erred in overruling Snelling's motion to quash the indictment.

(3) Whether the trial court erroneously overruled Snelling's motion for discharge filed pursuant to Indiana Rules of Procedure, Criminal Rule 4(C).

(4) Whether the trial court erroneously refused Snelling's tendered Instructions Nos. 1 and 5.

The record reveals that the acts for which Snelling was convicted consisted of intentionally deceiving one Hazel Duenweg into the false impression that he (Snelling) had effected certain repairs on the Duenweg home, and extracting payment in excess of $1,000.00 from Duenweg therefor when, in fact, the alleged work had not been performed.

## I.

Initially, Snelling contends that it was reversible error to permit the jury to take written copies of the final instructions to the jury room. We cannot agree.

The propriety of sending written instructions to the jury room was recently discussed by our Supreme Court in *Martin* v. *State* (1973), 260 Ind. 490, 296 N.E.2d 793:

> "Appellant next claims the trial court erred in refusing to permit the jury to take the written instructions to the jury room. Appellant makes a persuasive argument as to why jurors should be permitted to take instructions to the jury room. He readily admits the well established law in Indiana is to the contrary; that is, that the jury should be orally instructed, and that during its deliberations may request the court to re-read the instructions. *The question is purely a matter of procedure with persuasive arguments on both sides of the question.* If the law in Indiana is to be changed in this respect, it should be done either by legislative enactment or by rule of this Court. *It is certainly not the type of question of such vital import that a case otherwise properly tried should be reversed for the sole purpose of sending written instructions to a jury room.* The trial court followed the existing law on the subject and in doing so committed no error." (Emphasis added.) Accord, *Woods* v. *State* (1973), 159 Ind. App. 92, 304 N.E. 2d 817.

The trial court's action in sending the written instructions to the jury room was clearly not in accord with prevailing Indiana authority. However, through reasoning similar to that in the above emphasized portions of the *Martin* decision, it is our opinion that such error, if any, standing alone, is not of sufficient magnitude to warrant reversal of an otherwise properly tried case. Snelling has not exhibited that he was in any manner unduly prejudiced by the trial court's action; nor has he shown that in light of all attendant circumstances it was an abuse of judicial discretion to permit the jury to have written instructions available during deliberations. Accordingly, we find any error under this issue harmless.

## II.

Secondly, Snelling argues that the indictment failed to charge all the necessary elements of the crime with sufficient certainty. He therefore submits that the trial court erred in overruling his motion to quash.

The elements of theft by deception were summarized in *Yeary* v. *State* (1972), 258 Ind. 587, 283 N.E.2d 356:

"'A person commits theft when he (1) knowingly:

\* \* \*

'(b) obtains by deception control over property of the owner . . . and
'(2) either
'(a) intends to deprive the owner of the use or benefit of the property.' IC 1971, 35-17-5-3, being Burns § 10-3030.
In IC 1971, 35-17-5-13, being Burns § 10-3040, deception is defined as follows:
'(3) "Deception" means knowingly to: (a) create or confirm another's impression which is false and which the actor does not believe to be true; or
'(b) fail to correct a false impression which the actor previously has created or confirmed; or

\* \* \*

'(f) promise performance which the actor does not intend to perform or knows will not be performed.'
Further, this section defines permanently deprived as follows:
'(13) "Permanently deprived" means to: (a) defeat all recovery of the property by the owners; or
'(b) deprive the owner permanently of the beneficial use of the property. . . .'"

Omitting formal parts, the indictment which Snelling attacks as being insufficient read:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that Thomas Snelling on or about the 18th day of April, 1972, at and in the County of Marion and the State of Indiana, committed the crime of theft in that he knowingly, unlawfully and feloniously obtained by deception, control over property of Hazel Duenweg, to-wit: Money, then and there of the value of One Thousand and 00/100 Dollars ($1,000.00), with the intention to deprive Hazel Duenweg of the use and benefit

of said property by knowingly creating and confirming to the said Hazel Duenweg the false impression that he, the said Thomas Snelling had reroofed a Porch on the residence of the said Hazel Duenweg, then and there located at 3650 Woodland, in the City of Indianapolis, County of Marion, State of Indiana, and had repaired Gables, repointed the Chimney on said residence and replaced the Downspouts on said residence, whereas in truth and in fact, he did not reroof the Porch on said residence, did not repair the Gables on said residence, nor did he repoint the chimney on said residence, all of which the said Thomas Snelling then and there well knew, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

In our opinion, the indictment sufficiently charges all necessary elements of the crime. Snelling's argument concerning the failure of the indictment to allege the extent of the reroofing or repairs to be performed is of no avail.

### III.

Thirdly, Snelling contends that pursuant to Ind. Rules of Procedure, Criminal Rule 4(C), he was entitled to be discharged due to the failure to bring him to trial on the charge within the one year time limitation. We cannot agree.

It cannot be disputed that Snelling's trial date was set beyond the one year period specified by CR. 4(C). However, the pre-trial conference record conclusively discloses that the trial date resulted from agreement of the parties. Inasmuch as Snelling, by and through his attorney, agreed to the setting of the trial date beyond the one year limitation of CR. 4(C), he may not now be heard to complain. Snelling must be deemed to have waived his right under CR. 4(C). See, *Utterback* v. *State* (1974), 261 Ind. 685, 310 N.E.2d 552.

### IV.

Finally, Snelling submits that it was error to refuse his tendered Instructions Nos. 1 and 5.

Defendant's tendered Instruction No. 1 concerned the element of deception and that absent deception, a verdict of

not guilty was warranted. Inasmuch as the element of deception and ramifications of a failure of proof thereon were covered by other instructions given, we find no error in the denial of defendant's Instruction No. 1.

Snelling argues that failure to give his tendered Instruction No. 5 was "highly prejudicial to the Defendant by reason of the fact that a mere overcharge in and of itself, even if proved, is not adequate grounds to sustain a conviction for theft by deception." We note, however, that an instruction actually given by the court read:

"The court instructs the jury that a mere overcharge, if any, made by the defendant and paid by State's witness Hazel Duenweg, cannot be the basis for a conviction of the defendant, if no fraud has been shown by the State to have occurred."

Accordingly, we find no error under this issue.

Appellant having failed to demonstrate reversible error, the judgment of the trial court is affirmed.

Affirmed.

Robertson, C.J. and Lowdermilk, J., concur.