DANIEL C. PURDY, JAMES A. PURDY *v.* STATE OF INDIANA.

[No. 377S224. Filed December 1, 1977. Rehearing denied February 9, 1978.]

*Harry Dudley Miller,* of Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *Charles D. Rodgers,* of Indianapolis, for appellee.

PIVARNIK, J.—Appellants Daniel and James Purdy were both found by a jury in Marion Criminal Court to be guilty of first-degree murder. They were sentenced to life imprisonment on December 22, 1976.

Among the issues submitted for us for review is the allegation that the trial court erred, as a matter of law, by refusing to read both the preliminary instructions and the final instructions to the jury as requested by appellants. We hold that the trial court committed reversible error in this regard, and therefore will not discuss the other issues raised.

After the jury was sworn, the court indicated to the parties that he intended to waive the reading of the court's preliminary instructions to the jury. He stated that he intended to send these instructions to the jury room during deliberations. There was an objection to this procedure and a request that the preliminary instructions be read to the jury before the

deliberations, but this motion was overruled. After final arguments of counsel, the court refused to read the final instructions to the jury, over objections of appellants. Instead, he sent both the preliminary and final instructions to the jury room with the jury, stating to them and instructing them that the foreman of the jury was to read and discuss each instruction with them. The court further instructed the jury that if they had any questions about the instructions, they were to report it to the court, and the court would discuss it and explain it to them.

The trial court's duty to give both preliminary and final instructions is set out in Ind. R. Tr. P. 51. As to preliminary instructions, § A of the rule provides as follows:

"(A) *General instructions at commencement of action.* When the jury has been sworn the court shall instruct in writing as to the issues for trial, the burden of proof, the credibility of witnesses, and the manner of weighing the testimony to be received. Each party shall have reasonable opportunity to examine such instructions and state his specific objections thereto out of the presence of the jury and before any party has stated his case. The court may of its own motion and, if requested by either party, shall reread to the jury all or any part of the instructions so given along with the other instructions given to the jury at the close of the case. The parties shall be given reasonable opportunity to submit requested instructions prior to the swearing of the jury, and object to instructions requested or proposed to be given."

As to final instructions, § B of rule 51 states:

"(B) *Instructions after arguments—On court's own motion—Request for written instructions.* After argument the judge shall instruct the jury as to the law upon the issues presented by the evidence. Such instructions given by the court of its own motion shall be in writing when any party so requests. This request must be made before the commencement of the argument."

Further, the Indiana legislature has directed trial courts in their order of proceedings in criminal cases in Ind. Code § 35-1-35-1 (Burns 1975). Final instructions to the jury are

made after final arguments, as discussed in the fifth section of this statute:

> "Fifth. The court must then charge the jury, which charge, upon the request of the prosecuting attorney, the defendant or his counsel made at any time before the commencement of the argument, shall be in writing and the instructions therein contained numbered and signed by the court. In charging the jury the court must state to them all matters of law which are necessary for their information in giving their verdict. If he present the facts of the case he must inform the jury that they are the exclusive judges of all questions of fact, and that they have a right, also, to determine the law."

The question presented is what discretion the trial judge has, in regard to his communication with and management of the jury, in the above procedures. This has been a recurring question in a long line of cases, all of which have reaffirmed the same basic law and principle.

Early in the history of Indiana law, the Supreme Court stated in *Hall* v. *State*, (1856) 8 Ind. 438, at 443-44:

> "The instructions to the jury from the Court were in writing, and—as a practice, perhaps not very judicious—were taken to the consultation room by the jury. . . . The right of the Court to communicate with the jury during their deliberations upon a cause, to withdraw from their consideration erroneous instructions, and to give additional ones, is undoubted. *Jones* v. *Van Patten*, 3 Ind. 107. But the question is, where and how must this be done? Archbold, in his Criminal Law, (vol. 1, p. 171) says that, 'after the jury have retired, they may come back for the advice or opinion of the court upon any point; or they may request the judge to read over to them again any particular part of the evidence; or they may get the court to ask any particular question of the witnesses. All this, however, must be done in open court. See, also, 2 Swan's Pr. 917, and *Hogg* v. *State*, 7 Ind. 511."

In *Smith* v. *McMillen*, (1962) 19 Ind. 391, the principles of jury instruction discussed in *Hall* were cogently restated. In holding that it was error for the trial court to send written instructions to the jury room without the consent of the

parties, and that the jury should receive their charge and all subsequent instructions or explanations touching their duties in open court in the presence of the parties, the Supreme Court stated:

"The principle is, that the jury shall take the law from the Court. The mode in which the Court communicates with the jury is by addressing them in open Court. The jury take the law from the Court through the ear. By so doing, they generally stand upon equality, because none but men with hearing ears are competent jurors. In the juryroom, then, each depends upon his own recollection of the instructions, and upon the impression they made upon him for their meaning, their construction; and, thus standing upon an equality, if they differ, they should come into Court, and, in presence of the parties, let the Court be interpreter of its own instructions. But if; instead of this being done, the court sends the written instructions to the jury, inasmuch as jurors are not upon equality in their ability to read and interpret writing, it puts it in the power of the sharp ones on the jury to read, and become the interpreters for the Court, and mislead their less skillful fellow-jurors. We think instructions should not be sent to the juryroom, without consent of both parties."

The same established principles, concerning the role and duty of a judge, were followed in other cases involving jury instructions and verdicts. It was held that the clerk of the court cannot by agreement of the parties in absence of the judge, preside at the return of the verdict and during the polling of the jury, receive the verdict, and discharge the jury. *Willett* v. *Porter,* (1873) 42 Ind. 250. And when a jury, after retirement for deliberation, has a question regarding an interrogatory sent to them, instructions by the judge in answer to said question should be given by calling the jury into open court, and not by written communication sent to the jury room. *Low* v. *Freeman,* (1888) 117 Ind. 341, 20 N.E. 242. Finally, the Supreme Court in the case of *Quinn* v. *State,* (1891) 130 Ind. 340, 30 N.E. 300, reversed a conviction where the trial judge directed the bailiff to go into the jury room and give jury instructions as to the return of the verdict, and also directed that the verdict should be re-

ceived by an attorney of the court who had not been appointed as a special judge.

Thus, the settled Indiana law has been, since its inception, that the communication with the management of the jury, particularly with reference to instructions to the jury, are to be done by the judge in open court. The problem in the present cause partially arose in three recent cases in Indiana, all three of them from the same trial court, two of them involving the same trial judge and the third involving a special judge acting in this court. It appears that a misinterpretation of the opinions of the Court of Appeals and the Supreme Court in those three cases caused the problem to arise in its present form in this cause.

The first of the three recent cases was *Martin* v. *State,* (1973) 260 Ind. 490, 296 N.E.2d 793, wherein the trial judge followed the established procedure of reading the instructions to the jury in open court. He then refused defendant's motion to permit the jury to take the written instructions with them to the jury room during deliberations. In regard to that issue, the Supreme Court stated, 260 Ind. at 495-96, 296 N.E.2d at 797:

> "Appellant makes a persuasive argument as to why jurors should be permitted to take instructions to the jury room. He readily admits the well established law in Indiana is to the contrary; that is, that the jury should be orally instructed, and that during its deliberations may request the court to re-read the instructions. The question is purely a matter of procedure with persuasive arguments on both sides of the question. If the law in Indiana is to be changed in this respect, it should be done either by legislative enactment or by rule of this Court. It is certainly not the type of question of such vital import that a case otherwise properly tried should be reversed for the sole purpose of sending written instructions to a jury room. The trial court followed the existing law on the subject and in doing so committed no error."

In *Snelling* v. *State,* (1975) 163 Ind. App. 546, 325 N.E.2d 227, the trial court read the instructions to the jury in open

court and, over objection of defense counsel, sent the instructions into the jury room during deliberations. The Court of Appeals, Third District, stated that the sending of the written instructions to the jury room was clearly not in accord with Indiana law. Reviewing the above language from the *Martin* case, however, the Court of Appeals held that this action standing alone was not enough to reverse the conviction, stating at 325 N.E.2d at 228-29:

> "Snelling has not exhibited that he was in any manner unduly prejudiced by the trial court's action; nor has he shown that in light of all attendant circumstances it was an abuse of judicial discretion to permit the jury to have written instructions available during deliberations. Accordingly, we find any error under this issue harmless."

Again, in *Snelling* v. *State*, (1975) 167 Ind. App. 70, 337 N.E. 2d 829, the same issue was faced again when the same trial court, again over objection of the defendant, read the instructions to the jury in open court and then sent the written instructions into the jury room during deliberations. The Court of Appeals, Second District, found that though this was contrary to Indiana Law, and that a legislative enactment or court rule would be needed if it were to be required of trial courts that they send written copies of instructions to the jury room during deliberations, it was harmless error in this case and would not merit reversal. The court then stated, at 337 N.E.2d at 836:

> "As our survey of Indiana law regarding communication with the jury indicates, the crucial requirement is that the instructions first be read in open court in the presence and with the consent of the parties and their attorneys. Since the trial judge did so here, we find it was proper to send copies of the instructions to the jury."

Thus, neither the Court of Appeals nor the Supreme Court in the three cases above changed the law in regard to sending written instructions into the jury room. Rather, they found it was the law that this was not to be done, but found it to be harmless error in the cases

presented. In this case, the trial court went further and not only sent the instructions into the jury room, but also failed to instruct the jury either preliminarily or finally in open court. This duty was delegated to the foreman of the jury under circumstances where it cannot be known how the job was done, or whether it was done at all. This was not only in violation of the settled law in Indiana as set out above, but it was also directly in violation of Ind. R. Tr. P. 51(A), (B) and Ind. Code § 35-1-35-1 (Burns 1975).

The judgment of the trial court is reversed and a new trial ordered.

All Justices concur.

NOTE.—Reported at 369 N.E.2d 633.