**1**

Herman Darrell WALLACE, Petitioner,

v.

**Jack R. DUCKWORTH,
Warden, Respondent.**

**No. H 82–29.**

United States District Court,
N.D. Indiana,
Hammond Division.

Nov. 22, 1983.

W. Henry Walker, W. Henry Walker &
Associates, P.C., East Chicago, Ind., for
petitioner.

Linley E. Pearson, Atty. Gen., for the
State of Ind., Indianapolis, Ind., for respondent.

ORDER

KANNE, District Judge.

Petitioner, Herman Darrell Wallace, was
convicted of second degree murder after a
jury trial in the Superior Court of Lake
County, Indiana. He received a sentence
of not less than fifteen nor more than
twenty-five years imprisonment. His conviction was based on the evidence that during an argument he fatally shot his father-in-law.

In petitioner's motion to correct errors
before the trial court and in his appeal to
the Indiana Supreme Court he unsuccessfully argued it was reversible error for the
bailiff, without notifying the trial judge
and parties, to refuse the jury foreman's
request for a copy of the final instructions.

The Indiana Supreme Court held that the
bailiff's denial of the request for a copy of
the instructions without notification to the
judge or the parties did not prejudice the
petitioner. *Wallace v. State*, 266 Ind. 344,
363 N.E.2d 956, 957 (1977).

Thereafter in 1982 petitioner filed in this
court a petition for writ of habeas corpus
under 28 U.S.C. § 2254 raising the same
issue. He again argues that the bailiff's
actions violated his constitutional rights to
effective assistance of counsel and to be
present at all critical stages of the proceeding. Respondent asserts that the Indiana
Supreme Court's determination of no prejudice to petitioner was correct and thus
there was no violation of petitioner's constitutional rights during his state court trial.

In a habeas corpus action a justiciable federal issue is presented only where

trial errors infringe upon a specific constitutional protection or are so prejudicial as to amount to a denial of due process. *Morrow v. Wyrick*, 646 F.2d 1229, 1234 (8th Cir.1981), *cert. denied*, 445 U.S. 899, 102 S.Ct. 401, 70 L.Ed.2d 216 (1981). Communications between a jury and a judge through the medium of the bailiff in the absence of and without notice to petitioner and his counsel are improper. *United States v. Brunk*, 587 F.2d 910, 912 (8th Cir.1978). Such communications create a presumption of prejudice. *Remmer v. United States*, 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954). This presumption must be rebutted by evidence showing that the communications were harmless or lacked prejudice. *United States ex rel. Tobe v. Bensinger*, 492 F.2d 232, 238 (7th Cir.1974).

Under these applicable standards, the petitioner's constitutional arguments are insufficient. The bailiff's private denial of the foreman's request for a copy of the instructions was improper but harmless.

■ Petitioner did not suffer any prejudice because of his lack of knowledge of this communication. Petitioner's contention that the State offered no evidence to rebut the presumption is factually incorrect. The timing of the jury's request, their knowledge of the probable answer, the jury's apparent collective ability to remember, understand and apply the court's instructions together with the nature of the bailiff's answer are all facts which effectively rebut the presumption that the communication was prejudicial.

At best, as pointed out by the Indiana Supreme Court, the bailiff's conduct was not a standard of excellence; yet it did not cause prejudice to the petitioner which would require reversal. *Wallace v. State*, 363 N.E.2d at 957.

Only two or three minutes after the jury retired to the jury room the foreman requested a copy of the instructions. In the two or three minute interval between retiring to the jury room and the foreman's request for a copy of the instructions the jury addressed two preliminary matters. They elected a foreman. They then discussed whether or not a copy of the instructions could be obtained. As the foreman recounted in a posttrial hearing:

Specifically when we got in there there was a discussion about the length of it and I said I wonder if we can get a copy of those instructions and I'd say about half of the jury had been on previous cases and they said no, you can't and I said are you sure? And, the consensus out of those particular people that had served on other juries was that you could not have a copy of the instructions. I made a statement, I said well, why don't we just ring the bell and it won't hurt to ask the question, which I did at that point. And when he came in the door and I asked him if we could have a copy of the instructions and he said no and that was it. (Tr. p. 956)

Those members of the jury with prior jury experience correctly perceived the practice dictated for Indiana trial courts. The Indiana law is that instructions should not be sent to the jury room. *Purdy v. State*, 267 Ind. 282, 288, 369 N.E.2d 633, 636 (1977).

In light of the time frame involved it is apparent that the foreman's request came prior to the jury's deliberations on their verdict. The timing of the request indicates that convenience not confusion was the motivation of the foreman's contact with the bailiff.

The foreman's affidavit essentially stating that the jurors were unsure of the content and meaning of the instructions and that the jurors expressed doubts about their ability to accurately apply them to the evidence was contradicted by the foreman's answer to the following question in the posttrial hearing:

Q Were the jurors or any of the jurors indicating an unsureness of the total content of the instructions?

A I don't know if they indicated that, we did say that between the twelve [12] of us, we thought we could remember it all.

During their deliberations the jury gave no indication that they could not remember or

did not understand the instructions. The jury never requested that the trial court reread the instructions.

It would be a different case if, after deliberations on the verdict had begun, there was evidence that the jury was confused about the instructions or was collectively unable to recall the instructions and the bailiff failed to relay a jury request to the trial judge.[1] Under such circumstances the inability of the judge and opposing counsel to review a request could be prejudicial to a defendant. But these are not the circumstances presented by the facts in the case now before the court. Moreover, the bailiff's response to the foreman's request was one word—"no". This is not a case where the bailiff's answer contained a substantive point of law, *United States v. Dellinger*, 472 F.2d 340, 372 (7th Cir.1972), or contained comments on the guilt of the defendant, *Parker v. Gladden*, 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420 (1965), or a possible sentence, *United States v. Greer*, 620 F.2d 1383 (10th Cir.1980), or an informal *Allen* charge coercing the jury to reach a verdict, *United States ex rel. Tobe v. Bensinger*, 492 F.2d 232 (7th Cir.1974). In those types of communications the prejudice to defendant is apparent. Conversely the single "no" answer to a question going to the jury's convenience clearly shows a lack of prejudice to petitioner.

This court's decision is supported by *United States v. Clavey*, 565 F.2d 111 (7th Cir.1977), *affd. rehearing en banc on separate issue*, 578 F.2d 1219 (7th Cir.1978), *cert. denied*, 439 U.S. 954, 99 S.Ct. 351, 58 L.Ed.2d 345 (1978). In *Clavey* the defendant was convicted of one count of false swearing and of three counts of failure to report income. On appeal one of the issues defendant raised was whether the court erred by not informing defendant and his attorney of the jury's questions and the judge's answers. The jury asked for copies of the instructions and had questions about the indictment. The judge's response to the jury's request for the copies and help was "No" and to continue deliberations. The Court held that although the court erred in not informing counsel about the communications the error was harmless. *Clavey* at 119–120. With respect to the jury's request for a copy of the instructions the court stated:

> As to the jury's request for written instructions, we are convinced the judge's failure to inform the parties of the request or to grant it could not have affected the jury's verdict.

*Id.* at 119. *Cramer v. Fahner*, 683 F.2d 1376 (7th Cir.1982), *cert. denied*, 459 U.S. 1016, 103 S.Ct. 376, 74 L.Ed.2d 509 (1982). Here as in *Clavey* the denial of the request for instructions could not have affected the jury's verdict. As such any error in not informing defendant and his attorney about the request was harmless.

Accordingly, petitioner's petition for a writ of habeas corpus is DENIED.

---

The trial judge apparently read his charge from copies of the tendered instructions of the parties which he had accepted. The instructions themselves show deleted paragraphs, handwritten changes and other extraneous markings and identifications making them unsuitable to be read by the jury.

---

1. Under such circumstances it would be appropriate for the trial judge to return the jury to open court and reread the instructions in their entirety. Not only does Indiana law forbid the sending of instructions to the jury room, it is evident from the record that the final instructions were in no condition to be sent to the jury.