No. 1,377.

## CRUM ET AL. *v.* YUNDT.

PRACTICE.—*Issues.*—*Pleading.*—*Theory of Case.*—Where the plaintiff announces to the court and jury that he will offer no evidence except as to a certain paragraph of complaint, there is no error in the court's disregarding the issues made upon the other paragraphs and submitting the case upon such paragraph and the answers thereto.

SAME.—*Failure to Reply to Affirmative Paragraph of Answer.*—If a case proceeds to trial with an affirmative paragraph of answer not replied to, the right to a reply will be deemed to have been waived and the cause will be treated as though the answer was denied.

DEFENSE.—*General Denial, What Admissible Under.*—*Special Plea.*— Defenses admissible under the general denial are those which deny that there ever was a cause of action. Those which admit that it once existed, but seek to avoid it by showing subsequent or other matter, must be specially pleaded.

SAME.—*General Denial.*—*Proof Under.*—The defendant, under the general denial, is not confined to mere negative proofs in denial of the facts stated in the complaint, but he may give evidence of independent facts inconsistent therewith which tend to meet and break down the cause of action stated in the complaint.

From the Clinton Circuit Court.

*O. E. Brumbaugh* and *J. Combs,* for appellants.

*M. A. Morrison,* for appellee.

GAVIN, J.—The appellee sued appellants to recover upon an implied contract for a large amount of gravel taken by them from his land. The issues, so far as we are concerned with them, were formed by the 4th paragraph of complaint, the answer of general denial and a special answer limited to the claim for gravel removed from a highway adjacent to appellants land, in which it was claimed that all the gravel was taken under a contract made between the parties, by the terms of which appellants were to open up a gravel pit, partly within and partly without the line of the highway, on appellee's land and pay him eight and one-third cents per yard for all that was taken from outside the line of the highway.

A misjoinder of causes of action will not, under our statute, authorize a reversal. *Carnahan* v. *Chenoweth,* 1 Ind. App. 178, R. S. 1894, section 344, R. S. 1881, section 341.

The counsel for the appellee having announced to the court and jury that he would offer no evidence except as to the 4th paragraph of the complaint, there was no error in the court's disregarding the issues made upon the others and submitting the cause upon that paragraph and the answers thereto.

No reply to the special affirmative answer having been demanded by appellants and trial having been had without one, they must, under settled rules of practice, be deemed to have waived the reply and the cause will be treated as though the answer were denied. *Young* v. *Gentis,* 7 Ind. App. 199; *Havens* v. *Gard,* 131 Ind. 522; *Buchanan* v. *Berkshire, etc., Co.,* 96 Ind. 510.

There is serious doubt as to whether the instructions are in the record, but we have concluded to pass that question and consider the merits of the principal propositions discussed under them without, however, taking up the several instructions in detail.

The facts disclosed by the evidence are about as follows: Appellants had a contract to construct a gravel road near appellee's land. They were informed by him that if they could find any gravel on his land they could open up a pit and take it out, as it would help pay his assessment. They afterwards opened a pit near the road and opposite his land, which they extended across the highway and then into his field, taking out about 1,400 yards from his land, including both that taken from within his fence and that from his half of the road. About the time they reached his fence and were ready to enter the field, appellants' evidence is that they spoke to appellee concerning the terms on which they could have

the gravel and he agreed they could have that which they took from the highway for filling up the hole and restoring the road across it, and should pay the customary price, or what they paid his neighbor, for that which came from within the field. They filled up the hole in the highway, made the roadway across the pit, and offered to pay the customary price for what they took from the field. Appellee, however, demanded pay for that taken from the highway as well.

The only dispute relates to this latter part of the gravel. The controversy narrows itself down to these propositions:

1st. Was the partial answer setting up a special contract under which the gravel was removed, sustained by proof of the contract concerning it, made after its removal instead of before?

2d. Were the appellants entitled, under the general denial, to the benefit of the special contract made after the removal of the gravel?

The answer under consideration was only an argumentative denial. It was, so far as it went, in bar, not in mitigation. Appellee counted upon an implied contract for the gravel. Appellants answered: We never took any gravel under any such arrangement. Whatever gravel we did get was under a special contract, by the terms of which we were to pay nothing. This answer thus, by indirection, showed that appellee never had the cause of action sued on, nor any other, for that matter.

This plea added nothing to the general denial, which was already in. Therefore, unless the agreement proved, and its performance, would sustain the general denial, so far as relates to this gravel taken from the highway, it would not sustain this plea.

We now come to the second proposition. Defenses

admissible under the general denial are those which deny that there ever was a cause of action. Those which admit that it once existed, but seek to avoid it by showing subsequent or other matter, must be specially pleaded. 1 Works Pr., section 579; Pomeroy's Rem., section 642.

The defendant, under the general denial, is not confined to mere negative proof in denial of the facts stated in the complaint, but he may give evidence of independent facts inconsistent therewith which tend to meet and break down the cause of action stated in the complaint. If, however, these facts are such as admit a cause of action once existing, and avoid it, then they must be specially set up. *Balue* v. *Sear*, 131 Ind. 301; 1 Works Pr., section 579.

The agreement proved was not the agreement alleged in the special answer, nor was it provable under the general denial. The one alleged showed that appellee never had any cause of action against appellants, while the agreement proved was made after the cause of action had accrued. It might, if founded upon a consideration, and properly pleaded, have defeated a recovery upon the ground that appellee had released appellants, but having been made after the gravel had been taken, it could not be held to negative the existence of the original liability. Its utmost force was in avoidance, and a special plea was requisite to make it available. *Stringer* v. *Breen*, 7 Ind. App. 557; R. S. 1894, section 380; R. S. 1881, section 377.

We are, accordingly, of the opinion that there was no error in the theory upon which the court tried the cause, and that a proper result was reached by the jury.

Judgment affirmed.

Filed March 21, 1895.