[Civ. No. 17963.   First Dist., Div. Two.   Aug. 26, 1958.]

LOUIS PETE, JR., Appellant, v. J. R. NORBERG, Respondent.

Louis Pete, Jr., in pro. per., for Appellant.

Hancock, Elkington & Rothert and Wayne D. Hudson for Respondent.

DOOLING, J.—Plaintiff appeals from a judgment for defendant in an action based on allegations charging abuse of process in the garnishment of his accrued wages owed to him

by his employer. The action in which the attachments issued resulted in a judgment against appellant.

The gist of the present action is stated in paragraph VII of the Complaint: "That defendant, with full knowledge that plaintiff was entitled to have his wages exempted from attachment under Section 690.11 of the Code of Civil Procedure . . . and with knowledge that further attachments of his wages would result in his discharge by his employer, did . . . maliciously and wilfully and with the intent to vex, harass and injure plaintiff and to deprive him of his said wages and . . . to cause said Bethlehem Steel Corporation to discharge plaintiff . . . and to cause and compel plaintiff in order to prevent his discharge to use said wages . . ." to the satisfaction of his indebtedness to defendant cause and direct the garnishments to be levied upon his claims for wages.

The claim of abuse of process is two-fold: 1. that defendant caused the attachments to be levied knowing that plaintiff was entitled to an exemption under Code of Civil Procedure, section 690.11; and 2. that defendant knowing that further attachments would cause his discharge levied such attachments wilfully and maliciously to compel plaintiff to apply the exempt wages to the payment of his debt to avoid being discharged.

On the second ground the trial court found that defendant did not know that the attachment of plaintiff's wages would result in his discharge and did not intend to cause him to be discharged. The court further found that while plaintiff's employment was terminated on March 12, 1954, this was because of lack of work and not because of the attachment of his wages. While there was a conflict in the evidence these findings are all supported by substantial direct evidence.

Section 690.11, Code of Civil Procedure, exempts absolutely one-half of a defendant's wages earned within 30 days. As to the other one-half it provides an exemption "if necessary for the use of the debtor's family." The evidence shows and the court found that three levies under writ of attachment were made by defendant: on February 18, February 24, and March 4, 1954. On the levy of February 18 plaintiff claimed only the one-half exemption and the sheriff immediately released such one-half. On the February 24 levy plaintiff claimed a total exemption which claim was contested by defendant, the court granting the total exemption after a hearing on March 12, 1954. Following this order the claim of total exemption on the March 4 levy was not contested by defendant.

The recital of these facts demonstrates the futility of appellant's position on appeal. The action was on a promissory note and it is not questioned that resort to the remedy of attachment was proper. The absolute exemption of one-half plaintiff's wages on the first levy was automatically granted and that part of his wages immediately released. As to the other one-half he had asserted no claim of exemption when the second levy was made and before defendant received notice of such claim the third levy had already been directed and the trial court found that the notice of such claim was received by defendant "after the issuance of instructions" for the third levy "and too late for said instructions to be recalled." There is no showing in the evidence that defendant knew before the court's order of March 12 that plaintiff's claim of total exemption was valid. No further levies were made after that date.

There is no showing that defendant acted other than in good faith in pursuing his admitted right of attachment or took any further steps after appellant's right to exemption was established. The findings negative the bad motive or ulterior purpose which is essential to the action where the process is regularly issued and employed. (*Crews* v. *Mayo,* 165 Cal. 493, 495 [132 P. 1032] ; *Pimentel* v. *Houk,* 101 Cal. App.2d 884 [226 P.2d 739].)

Appellant, appearing in propria persona, attempts to reargue conflicts in the evidence which have been resolved against him by the trial court. He also complains that the trial court refused to permit him to introduce some evidence on damages. He suffered no prejudice in this since the judgment went against him on the merits. Nor did he suffer prejudice by the court's refusal to permit him to "read some law" since under the facts found the law could not have helped him.

Judgment affirmed.

Draper, J., concurred.