DAVISON v. WILLIAMS.

[No. 1268S200. Filed December 4, 1968.]

*Robert W. Davis*, Corydon, for appellant.

*James D. Williams*, Corydon, for appellee.

HUNTER, J.—This is a civil action brought by Herman L. Williams for damages for personal injuries alleged to have been sustained by him as a result of a collision which occurred when an automobile driven by Henry Davison, the Defendant and Petitioner herein, crashed into the rear-end of Williams' automobile. After trial by jury, Williams was awarded damages in the amount of $7,500. The judgment of the trial court was affirmed by the Appellate Court of Indiana, Division I. *Davison* v. *Williams* (1968), 142 Ind. App. 402, 235 N. E. 2d 90. The case is now before this Court on a petition to transfer. Rule 2-23, Rules of the Supreme Court of Indiana.

The evidence offered at trial revealed that Plaintiff-Respondent Williams was driving to work on the day of the collision traveling over rather hilly terrain when it became necessary for him to stop his automobile on the traveled portion of the highway to await the passage of a train. The Defendant-Petitioner, who was traveling in the same direction behind

Respondent, upon making a curve in the road, saw that Respondent's auto was stopped for the train. However, Petitioner's brakes failed completely, causing him to collide with the rear-end of Respondent's auto.

In his petition to transfer, Petitioner asserts that the Appellate Court's opinion in this case contravenes the ruling precedent of this Court by approving the following instructions given by the trial court to the jury:

PLAINTIFF'S INSTRUCTION 5,

"There was at the time of the accident in controversy a statute of the State of Indiana in full force and effect providing that 'Every motor vehicle other than a motorcycle or motor-driven cycle when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels. If these two separate means of applying the brakes are connected in any way they shall be so constructed that failure of any one part of the mechanism shall not leave the motor vehicle without brakes on it least two wheels.' If you find from the evidence that at the time of the accident in controversy the defendant was operating upon a public highway an automobile that was not equipped with brakes adequate to control its movement and to stop and hold it, including two separate means of applying such brakes, he was guilty of negligence as a matter of law and if as the proximate result thereof, the plaintiff was injured while in the exercise of reasonable care himself, he is entitled to recover in this action such damages as you may find he has thereby sustained, but not to exceed the amount prayed for in the plaintiff's complaint."

PLAINTIFF'S INSTRUCTION 6,

"There was also at the time of the accident in controversy, a statute of the State of Indiana in full force and effect providing that 'All brakes shall be maintained in good working order.' If you find from the evidence that at the time of the accident in controversy, the defendant was operating upon a public highway an automobile with brakes which were not maintained in good working order he was guilty of negligence as a matter of law and if as the proximate result thereof the plaintiff was injured while in the

exercise of reasonable care himself, he is entitled to recover in this action such damages as you may find he has thereby sustained."

PLAINTIFF'S INSTRUCTION 7,

"There was also at the time of the accident in controversy a statute of the State of Indiana in full force and effect providing that, 'Every motor vehicle or combination of vehicles, at all times and under all conditions of loading, shall, upon application of the service (foot) brake, be capable of decelerating and developing a breaking force equivalent to such deceleration according to the minimum requirements set forth herein and also of stopping within the distances set forth herein. Passenger vehicles, not including busses, stopping distance in feet, 25; deceleration in feet per second, 17, and equivalent braking force in percentage of vehicle or combination weight, 53%. Compliance with standards set forth herein shall be determined either (1) by actual road tests conducted on a substantially level (not to exceed a plus or minus one per cent grade), dry, smooth, hard-surfaced road that is free from loose material, and with stopping distance measured from the actual instant breaking controls are moved and from an initial speed of 20 miles per hour, or (2) by suitable mechanical tests in a testing lane which recreates such same conditions, or (3) a combination of both methods.' If you find from the evidence that at the time of the accident in controversy, the defendant was operating upon a public highway an automobile that was not equipped with brakes meeting the requirements of the said statute, he was guilty of negligence as a matter of law and if as the proximate result thereof the plaintiff was injured while in the exercise of reasonable care himself, he is entitled to recover in this action such damages as you may find he has thereby sustained."

At the same time, the trial court refused to give Defendant's Instruction 8, which reads as follows

"A person who is driving an automobile on the public highways is not bound to anticipate or foresee any mechanical failure on the part of his automobile unless he actually knew of the defective condition or could have discovered the same in the exercise of reasonable care. Therefore, if you find that the sole proximate cause of the collision in this case was caused by a failure of the brakes on the automobile of the defendant, and if you further find that the defendant

did not know that the brakes on his automobile were defective or that he could not have discovered the defective condition by a reasonably careful inspection, your verdict must be for the defendant."

The opinion of the Appellate Court suggests that its refusal to accept Petitioners' claim of error on the part of the trial court in giving Plaintiff's Instructions 5, 6 and 7, above, was based primarily upon Petitioner's failure at trial to tender instructions which would have corrected the mistakes he was objecting to in the instructions submitted by Plaintiff. In so holding the Appellate Court cites the following language from Wiltrout, *Indiana Practice:*

"A party cannot complain of an instruction given by the court which, although incomplete, is a correct statement of the law as far as it goes, where such party did not tender a more full instruction on the subject." 2 Wiltrout, *Indiana Practice* § 1400 (5) p. 342 (1967).

However, it should be noted that the next sentence appearing in Wiltrout makes the above statement inapplicable to the present case. The next sentence reads:

*"Except as to mandatory instructions,* ambiguity, inaccuracy or incompleteness of one instruction may be cured by another instruction, where they are not inconsistent with each other." 2 Wiltrout, *supra* (emphasis added.)

The exception relating to mandatory instructions is classically applicable to the case here before us.

"A mandatory instruction is one which unequivocally charges the jury that if they find from a preponderance of the evidence that a certain set of facts exists, they must render a verdict in accordance therewith either for the plaintiff or defendant" 2 Wiltrout, Indiana Practice § 1400 (8) p. 344 (1967).

Plaintiff's Instructions 5, 6 and 7 can only be viewed as mandatory instructions. They had the effect of instructing the

jury that if they found from the evidence that Petitioner violated a safety regulation they could only find that Petitioner had been "guilty of negligence as a matter of law," and upon a finding of proximate cause they were required to grant damages to the Respondent. No mention was made of the Indiana law regarding excuse or justification in cases of alleged negligence involving violation of safety regulations.

As noted above, it is well-settled in Indiana that a *mandatory instruction* must set out all elements essential for recovery, and if an essential element is omitted, the instruction is erroneous and cannot be cured by other instructions. *Taylor* v. *Fitzpatrick* (1956), 235 Ind. 238, 132 N. E. 2d 919; *Redd* v. *Indianapolis Railways* (1951), 121 Ind. App. 472, 97 N. E. 2d 501. As the discussion below will indicate, information regarding the effect of excuse or justification in statutory negligence cases was essential to the completeness of all three of the above-quoted Plaintiff's instructions.

In approving the giving of the mandatory Plaintiff's Instructions 5, 6 and 7, and in approving the refusal to give Defendant's Instruction 8, the Appellate Court, in effect, declared the law of Indiana to be as follows: the violation of the provisions of a statute in the operation of a motor vehicle on a public highway, which violation is the proximate cause of the injury, is negligence per se and, once such violation is proved, as a matter of law the violator is liable for all injuries thereby caused. Since 1916, the law of Indiana has been to the contrary. *Condor* v. *Griffith* (1916), 61 Ind. App. 218, 111 N. E. 816.

In *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391, 98 N. E. 2d 896, this Court approved the excuse or justification exception to the statutory negligence rule:

"Thus it may be said that where one has violated the provisions of a statute or ordinance in the operation of an

automobile on a public highway, he is guilty of negligence as a matter of law unless the evidence discloses that compliance was impossible or non-compliance was excusable because of circumstances resulting from causes or things beyond his control, and in no way produced by his own negligence, or his conduct comes within an excuse or exception specifically provided in the statute itself. It follows that whether conduct violative of the provisions of the statute is negligent conduct may sometimes be a question for the jury to determine." 229 Ind. at 400.

The theory underlying the excuse or justification exception in this area of law was discussed in detail by Dean Foust in his article, *"The Use of Criminal Law as a Standard of Civil Responsibility in Indiana,"* 35 Ind. L. J. 45 (1959):

"It is a tenable assumption that the function in a free society of the law of torts and of criminal law is the promotion of security: 'deterrent' security in the case of criminal law wherein the ultimate goal is the prevention of socially dangerous conduct and 'compensatory' security in the case of expanding tort law, wherein the ultimate goal is the assurance of compensation for recognizable injuries. As Dean Pound has suggested, the difficulty with the compensation goal is the stopping place. If everyone is compensated for every injury or conversely, if every actor is required to compensate for any injury he causes, the result is an almost stagnating burden on enterprise. Or so it is thought. Thus, tort law has evolved several methods of limiting liability for injuries caused. Losses are not shifted 'willy-nilly' from the injured to the actor, but pursuant to a factor which will approximately equalize the competing social pressures for compensation and for freedom to act. In negligence cases the factor has by definition been lack of reasonable care—fault, if that term is preferred.

. . . . Unless one assumes the state of perfection in which no reasonable man ever violates the law, the breach of a criminal statute will not inevitably be imprudent conduct. Ultimately then, whether a breach of a criminal statute automatically produces civil liability or is only more or less persuasive of liability depends upon abandonment or adherence to the due care (fault) principle. . . . The unalterable imposition of responsibility because of a criminal misdemeanor—the disallowance of any explanation or excuse

for the breach—is inconsistent with the basic principle of negligence. It is something less than negligence." 35 Ind. L.J. at 56-57

So long as the fault concept is central to the law of negligence, a rule imposing strict liability without regard to excuse or justification would be "something like using a yardstick to measure a pint of spaghetti simply because the yardstick happens to be handy." 35 Ind. L.J. 58.

Even though the Indiana rule is well-settled that violation of a safety statute will constitute negligence as a matter of law only in the absence of justification or excuse, there is much confusion as to how a violation of a safety regulation will affect the proof burdens of the parties in a civil suit. The crux of the problem is the difficulty in deciding what weight should be given to a legislative definition of a criminal wrong in the adjudication of a civil action for damages involving a violation of that legislative enactment.

> "The (criminal) regulation does not purport to establish what a reasonable man would do in the particular circumstances of a given case but establishes for penal regulatory purposes the least anyone should always do. So while this legislative minimum is conclusive criminally it need not be conclusive of liability or immunity in a civil case because a reasonable man might do more or less in the circumstances. Nevertheless, it should not be ignored completely in a civil case." Foust, *The Use of Criminal Law as a Standard of Civil Responsibility in Indiana*, 35 Ind. L.J. 45, 60 (1959).

We believe that the wisest course for the courts of Indiana to take in the adjudication of a suit involving negligence by violation of a safety regulation is to treat plaintiff's proof of defendant's violation of the safety regulation as creating a rebuttable presumption of negligence. This rule has long been followed by the courts of California. *Pete* v. *Norberg* (1958), 163 Cal. App. 2d 154, 329 P. 2d 20; *Alarid* v. *Vanier* (1958), 50 Cal. 2d 617, 327 P. 2d 897; *Satterlee* v. *Orange Glenn School Dist. of San Diego County*

(1947), 29 Cal. 2d 581, 117 P. 2d 279. In *Satterlee, supra,* the Court stated the California rule as follows:

"An act which is performed in violation of an ordinance or statute is presumptively an act of negligence, but the presumption is not conclusive and may be rebutted by showing that the act was justifiable or excusable under the circumstances. Until so rebutted it is conclusive." 177 P. 2d at 283.

This is also the rule favored in Foust, *The Use of Criminal Law as a Standard of Civil Responsibility in Indiana,* 35 Ind. L.J. 45 at 61, on the basis of strikingly similar language in *Larkins* v. *Kohlmeyer, supra.*

As for the question of what will constitute proof sufficient to rebut the presumption of negligence raised by violation of a safety regulation, we believe the best test for a jury to follow is:

Where a person has disobeyed a statute he may excuse or justify the violation in a civil action for negligence by sustaining the burden of showing that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law.

A standard of rebuttal similar to this was approved in *Alarid* v. *Vanier, supra.* In that case, the defendant was charged with statutory negligence due to failure of his auto's brakes. The same factual pattern is present in this case.

One final point should be made. The Appellate Court opinion seems to intimate that the defense of excuse or justification cannot be proved unless it is specially pleaded. In *Crum* v. *Yundt* (1895), 12 Ind. App. 308, 40 N. E. 79, it was said that:

"Defenses admissible under the general denial are those which deny that there ever was a cause of action. . . .

The defendant under the general denial is not confined to mere negative proof in denial of the facts stated in the complaint, but he may give evidence of independent facts, inconsistent therewith, which tend to meet and break down the cause of action stated in the complaint. If, however, these facts are such as admit a cause of action once existing,

and avoid it, then they must be specially set up." 40 N. E. at 80. (citations omitted).

Although the general denial is no longer a part of the law of Indiana, Rule 1-3, Rules of the Supreme Court, the language of *Crum* v. *Yundt, supra,* is relevant in all other respects. Its application would clearly allow proof of excuse or justification in statutory negligence cases without pleading those matters specially. The circumstances which the defendant must establish in order to excuse or justify his non-compliance with the safety regulation are not in the nature of an affirmative defense like confession and avoidance. The ultimate issue, as far as defendant's liability is concerned, is not whether or not the regulation was violated, but whether or not there was negligence. Ordinarily, as noted above, by the time the defendant begins to present his case, proof of the violation has already been presented, and on that basis, a rebuttable presumption of negligence has been raised against him. The defendant's case must then persuade the fact-finder that, in spite of the violation, he was not negligent. Thus, his evidence of circumstances showing excuse or justification under the circumstances is relevant to a simple denial of the plaintiff's allegation of negligence. See: *Foust, The Use of Criminal Law as a Standard of Civil Responsibility in Indiana,* 35 Ind. L.J. 45 at 61.

For all the foregoing reasons, we hold that the trial court erred in giving mandatory instructions to the jury to the effect that violation of a safety regulation constitutes negligence as a matter of law without also instructing the jury as to the exception raised by possible excuse or justification. We further hold that the trial court erred in refusing to give Defendant's Instruction 8, *supra,* which embodied, in substance, the excuse or justification exception.

We therefore hold that the petition to transfer should be granted and that this cause should be reversed and remanded to the trial court with instructions to grant Petitioner's

459

motion for a new trial and for further proceedings not inconsistent with this opinion. It is so ordered.

Petition to Transfer Granted and Judgment Reversed.

Lewis, C.J., Arterburn, DeBruler and Jackson, JJ. concur.

NOTE.—Reported in 242 N. E. 2d 101.