DELORES L. SHOEMAKER, ADMINISTRATRIX OF THE ESTATE OF PAUL D. SHOEMAKER, DECEASED ET AL. *v.* CLARENCE BOWMAN, EUGENE SCHENKEL, GLEN A. BERRY, AS COMMISSIONERS OF WABASH COUNTY AND MELVIN STAGGS.

[No. 3-875A172. Filed June 23, 1977.]

*Parr, Richey, Obrenskey & Morton,* of Lebanon, *Peterson and Morton,* of Rochester, for appellants.

*Brown, Brown & Rakestraw,* of Rochester, *Albert J. Schlitt, Browne, Daggett & Schlitt,* of North Manchester, for appellees Commissioners, *Herbert H. Bent, Rockhill, Kennedy, Pinnick, Sand, Bent & Pequignot,* of Warsaw, for appellee Staggs.

STATON, P.J.—Delores L. Shoemaker[1] brought suit against the Commissioner of Wabash County and Melvin Staggs for the wrongful death of her husband, Paul D. Shoemaker. She appeals from a negative judgment which was rendered upon the jury's verdict in favor of the Commissioners and Staggs. She presents three issues for our review:

(1) Were the instructions given by the trial court concerning contributory negligence reversible errors?

(2) Was an instruction which incorporated the contentions of negligence as set forth in the pre-trial pleadings reversible error?

(3) Was the verdict contrary to law?

We find no reversible error, and we affirm.

---

1. Delores L. Shoemaker sues in her capacity as administratrix of her husband's estate, for herself individually, and as next friend of two minor children.

## I.

### Testimony

#### A. *The Shoemaker Account*

Paul Shoemaker was driving his car on a Wabash County Road when he saw, according to Delores Shoemaker's testimony, a car driven by Staggs speeding toward them across the one-lane bridge in the center of the road. In an attempt to avoid hitting the car, Shoemaker pulled over into the grass, and the car ultimately came to rest in the water under the narrow bridge. Shoemaker drowned before rescuers could free him from the car. Delores Shoemaker and the two minor Shoemaker children sustained no permanent injuries.

Delores Shoemaker argued at trial that Staggs was liable because he was in the center of the road and caused the accident, and that the Commissioners were liable because the road was not properly posted for speed limits or warnings of the approaching one-lane bridge, and because the bridge had no guard rails.

#### B. *Staggs' Account*

Staggs testified that he had crossed the bridge and was on the right side of the road (his wheels being about six inches from the edge of the blacktop) and had started up the hill at a speed of 6 or 7 miles per hour when he saw the Shoemaker car coming toward him in the middle of the road. Staggs pulled off of the road and nearly stopped. He estimated that as the Shoemaker car passed him it was traveling at about 50 miles per hour. The Shoemaker car missed hitting the Staggs' car by approximately six inches to one foot. Mrs. Staggs, who was a passenger, stated that as she looked back she saw the Shoemaker car cross the road, hit the bridge, and go air-borne into the creek.

## II.

### Instructions

Delores Shoemaker argues that the trial court erred in giving to the jury Staggs' instructions numbered 4, 5, and 6. Delores Shoemaker reasons that: (1) the instructions isolated certain Indiana statutes; (2) the instructions informed the jury that if Paul Shoemaker was violating these statutes and if such violation proximately contributed to his injuries and death, such conduct may constitute contributory negligence on the part of Paul Shoemaker; and (3) the instructions omitted any provision that Paul Shoemaker may have violated the statute with justification and excuse. At trial, Delores Shoemaker objected, stating that the three instructions are erroneous because the phrase "without justification and excuse" is omitted. On appeal, Delores Shoemaker argues that the instructions were diametrically in opposition to certain instructions tendered by her and given by the court which did use the phrase "without legal justification or excuse" with reference to Staggs' alleged conduct, and Commissioners' alleged negligence.

Indiana Appellate Rule 8.3 (A) (7) provides that

> "An argument. Each error assigned in the motion to correct errors that appellant intends to raise on appeal shall be set forth specifically and followed by the argument applicable thereto. If substantially the same question is raised by two or more errors alleged in the motion to correct errors, they may be grouped and supported by one argument. The argument shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities, statutes, and parts of the record replied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review.

When error is predicated on the giving or refusing of any instruction, the instruction shall be set out verbatim in the argument section of the brief with the verbatim objections, if any, made thereto. Any error alleged in the motion to

correct errors not treated as herein directed shall be deemed waived."

Delores Shoemaker did not base her objection to the trial court's tendering of Staggs' instructions numbered 4, 5, and 6, upon the inconsistencies between them and her tendered instructions. Both at trial and within her motion to correct errors, she limited her argument strictly to the omission of the phrase "without justification or excuse." At no point did she enlighten the trial court as to how she was being prejudiced by the omission of the phrase.

On appeal, an appellant is confined to the specific reasons stated in the objections made to the trial court regarding instructions; we will not permit argument on other than those specific reasons. *Allman* v. *Malsbury* (1946), 224 Ind. 177, 65 N.E.2d 106. When the grounds for objection to instructions on appeal differ from the grounds stated in the objections made at the trial level, the grounds for objection on appeal are waived. *Hendrickson & Sons Motor Co.* v. *OSHA* (1975), 165 Ind. App. 185, 331 N.E.2d 743.

Delores Shoemaker's trial objections to the instructions were based upon the incompleteness of the statements of law. None of the instructions were mandatory. Yet, Delores Shoemaker did not tender substitute instructions to make the statements of law more complete. She had the burden and duty to submit instructions which would cure any omission in the instructions given to the jury. *Wendt* v. *Seiler* (1962), 133 Ind. App. 585 at 590, 182 N.E.2d 801. Furthermore, we have reviewed the transcript and do not find the introduction of any evidence pertaining to the theory that Paul Shoemaker did act with legal excuse or justification. Had Delores Shoemaker submitted instructions completing the objected-to instructions, and had the trial court refused them, there still would have been no error where such instructions were not supported by the evidence. *Bivins*

v. *State* (1970), 254 Ind. 184, 258 N.E.2d 644; *LaDuron* v. *State* (1973), 157 Ind. App. 189, 299 N.E.2d 227.

We find no error in the giving of Staggs' instructions 4, 5, and 6.

### III.

#### Pre-Trial Pleadings Instruction

Staggs tendered a voluminous instruction which incorporated all of the theories of negligence which Delores Shoemaker had relied upon in her pre-trial pleadings and the separate theories of defense relied upon by defendants Staggs and Commissioners in their pretrial pleadings. In essence, this huge instruction attempted to synopsize the trial for the jury. Delores Shoemaker's objection to this instruction in the trial court was as follows:

"... [It is] simply a reiteration of the allegations contained in plaintiff's pre-trial order entered herein and did not constitute all of the contentions ... and all of the evidence submitted in this cause.

Plaintiff further objects to said instruction for the reason that pursuant to Trial Rule 15, the contentions of the plaintiff are not the evidence in the case and that it is pursuant to Trial Rule 15, the evidence as presented to the jury establishes for the jury those things which they must determine to prosecute negligence on the part of the defendant or defendants herein. Also pursuant to the case of, 'Chitwood vs Ayr-Way Store,' it is not necessary for the plaintiff, in fact, it is prejudicial error for the Court to instruct the jury as to the alleged contentions as set forth in the pre-trial entry for the reason that the evidence submitted to the jury may well have included other contentions, they may have and did include other contentions not set forth in said instruction." [*sic*]

This Court has held that a party who makes a proper request is entitled to have an instruction based on his own theory of the case submitted to the jury if it is within the issues and there is evidence to support it. *Moore* v. *Funk* (1973), 155 Ind. App. 545, 293 N.E.2d 534.

While Delores Shoemaker is correct in stating that the issue formulated in the pre-trial order might still be amended

upon proper motion at trial (*see Ayr-Way Stores, Inc.* v. *Chitwood* [1973], 261 Ind. 86, 300 N.E.2d 335), she failed to explicitly state that differences did in fact exist, and she failed to set out those differences for the trial court. From our examination of the record, we fail to see how she was at all prejudiced by the instruction. Again Delores Shoemaker is not objecting to the correctness of the instruction rendered, but rather to its completeness. She should have attempted to complete the instruction at trial by offering an instruction on any additional theories upon which her case was based. *See Wendt* v. *Seiler, supra.* Judge Garrard stated, in *Universal C.I.T. Credit Corporation* v. *Shepler* (1975), 164 Ind. App. 516, 329 N.E.2d 620, 628, that

"... at a very early date, the Supreme Court decided that no error was available on appeal addressed to the court's failure to instruct (assuming the affirmative obligation existed) unless the appellant raised the issue by specific objection or exception before the instructions were delivered to the jury. Krack v. Wolf (1872), 39 Ind. 88."

Delores Shoemaker has not preserved any error regarding the giving of Instruction No. 1.

## IV.

### Verdict Contrary to Law

Delores Shoemaker contends that the jury's verdict for the Commissioners and against (1) the Estate of Paul D. Shoemaker, and (2) Delores Shoemaker, Shannon Shoemaker, and Paul D. Shoemaker II is contrary to law. She argues that the Commissioners were negligent in failing to erect guard rails at the bridge, in failing to post limited speeds in the area, and in failing to erect one-lane bridge signs. Only when the evidence is without conflict and leads to one conclusion and the jury has reached a contrary conclusion will be decision be disturbed as contrary to law. *Columbia Realty Corporation* v. *Harrelson* (1973), 155 Ind. App. 604, 293 N.E.2d 804.

The testimony of Delores Shoemaker and of an Indiana State Police Trooper who questioned her at the hospital after the accident conflict. Pertinent facts were elicited from Mrs. Shoemaker at trial:

(1) She and her husband were familiar with the road.

(2) They knew the bridge was one-lane.

(3) Mr. Shoemaker was alive after the crash, but drowned because Mrs. Shoemaker was unable to unfasten his seat belt.

(4) They swerved to avoid Staggs' car.

The Trooper testified that Mrs. Shoemaker had told him at the hospital that:

(1) Their car was going too fast.

(2) They swerved to avoid an oncoming vehicle.

More conflicting testimony was introduced when an engineering and road safety expert testified regarding guard rails. The expert stated that guard rails would help if a car lost control and hit the rails a glancing blow; the car would be thrown back into the lane. But, he stated that if the rails were hit perpendicularly or head-on, the car might go through the rail. Staggs had testified that the Shoemaker car crossed the road before going over the bridge; thus, a permissible inference might have been drawn by the jury that the Shoemaker car would have approached guard rails (had they been present) perpendicularly, that is, in such a manner that the car would have gone into the water anyway. Even if we were constrained to view as uncontradicted the evidence regarding the *advisability* of erecting guard rails on bridges, we are still faced with the conflicting inferences to be drawn from that evidence. The inferences drawn by the trier of the facts, the jury, must prevail. *Haynes* v. *Brown* (1949), 120 Ind. App. 184, 88 N.E.2d 795.

Bearing in mind all of the obvious conflicts in the evidence, we turn to the burden of proof which Delores Shoemaker

necessarily must meet in order to prove negligence. Inherent within the concept of negligence is the problem of proximate cause. She has completely avoided this essential issue.

"A proximate cause of damage is that cause which sets in motion the chain of circumstances leading up to the damage and has been defined as that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, *produces the result complained of and without which the result would not have occurred.*" (Original emphasis). *Honey Creek Corp. v. WNC Development Co.* (1975), 165 Ind. App. 141, 331 N.E.2d 452, 456.

Delores Shoemaker's allegation that the Commissioners were negligent in failing to erect a guard rail and one-lane-bridge signs ignores the fact that these failures could not be, in this circumstance, the proximate cause of the accident which resulted in Paul Shoemaker's death. The proximate cause might have been (according to whichever set of facts one believes) either Shoemaker's speeding and the intervening variable of Staggs' automobile or Staggs' speeding and the resulting loss of control by Shoemaker of his car. At best, the guard rails and warnings *might have served as intervening variables to prevent* the accident. But this is mere speculation, and the evidence was in conflict. The jury heard the evidence and were entitled to draw legitimate inferences from the facts they found to be credible. We can consider only that evidence most favorable to the judgment and all reasonable inferences which may be drawn therefrom. *Yellow Manufacturing Acceptance Corp.* v. *Voss* (1973), 158 Ind. App. 478, 303 N.E.2d 281. We conclude that the verdict was not contrary to law.

Finding no reversible error, we affirm.

Garrard and Hoffman, JJ., concur.

NOTE.—Reported at 363 N.E.2d 1278.