Cynthia Lynn TAYLOR, Appellant (Plaintiff Below),

v.

COUNTY OF MONROE and Monroe County Highway Department, John R. Voorhees, Appellees (Defendants Below).

No. 1–880A214.

Court of Appeals of Indiana, First District.

July 27, 1981.

Rehearing Denied Sept. 3, 1981.

David S. McCrea, McCrea & McCrea, Bloomington, Vernon J. Petri, Petri & Fuhs, Spencer, for appellant (plaintiff below).

Nicholas C. Nizamoff, White, Raub, Reis, Wick & Riegner, Indianapolis, for appellee John R. Voorhees; Geoffrey M. Grodner, Rogers, McDonald & Grodner, Bloomington, of counsel.

Don M. Robertson, Joseph D. O'Connor, III, Bunger, Harrell & Robertson, Bloomington, for the County of Monroe and Monroe County Highway Department.

ROBERTSON, Judge.

Cynthia Lynn Taylor (Taylor) appeals the verdict rendered in favor of defendant-appellees John R. Voorhees (Voorhees) and the County of Monroe (County) and Monroe County Highway Department. Taylor was a passenger in Voorhees's automobile which was involved in an accident on Old State Road 37 in Monroe County. Taylor appeals the judgment on the evidence granted to Voorhees and the jury verdict rendered in favor of the County.

Judgment affirmed.

Taylor was a guest passenger in the automobile operated by Voorhees on May 14, 1977. They were traveling north to Indianapolis on Old State Road 37 when they encountered a sharp curve in the road. Voorhees was unable to maintain control of his car and struck a dump truck operated by John Hobbs. The vehicles collided at the centerline or in the southbound lane. The testimony was in conflict regarding the speed at which Voorhees was driving at the time of the accident. Hobbs estimated that the speed was seventy miles per hour. Other witnesses thought Voorhees was traveling around forty-five to fifty-five miles per hour.

Taylor presented evidence that there was neither a danger sign to warn about the curve nor a speed limit sign posted in the area, although signs of this nature were previously posted but had been removed. Taylor also presented evidence concerning the overhanging shrubbery and vegetation on the highway. There was no testimony that the shrubbery or vegetation invaded the highway. Taylor proceeded against the County on the theory that the County was negligent in maintaining the highway. Taylor argues that the trial court erred by tendering three improper instructions to the jury, by submitting written copies of the instructions to the jury, and by entering a judgment on the evidence for Voorhees.

Taylor argues that three instructions, which discussed the legal standards for the operation of motor vehicles, were incomplete because the instructions did not include a statement about justification and

excuse for failing to comply with a legal duty. Taylor complains that the omission of such a statement necessitated a finding of mere negligence on behalf of Voorhees and thus, created mandatory instructions. The first instruction which Taylor objected to is a verbatim statement of relevant portions of *Ind.Code* 9–4–1–57, regulating the speed of vehicles in Indiana. This instruction also followed the form suggested in the *Indiana Pattern Jury Instructions*. § 15.01. The second instruction describes the duties and responsibilities of vehicle operators. The third instruction which Taylor objected to is a concise statement of relevant portions of *Ind.Code* 9–4–1–63, and in substance says that a driver must operate his vehicle on the right side of the roadway.

■ In Indiana, a party cannot complain of the incompleteness of an instruction if the instruction is a correct statement of law, so far as it goes, and the complaining party does not tender a more complete instruction. Except as to mandatory instructions, the existence of ambiguity, inaccuracy, and incompleteness may be cured by another instruction, where the instructions are not inconsistent with each other. *Davison v. Williams*, (1968) 251 Ind. 448, 242 N.E.2d 101. Taylor argues that the instructions were mandatory and require a reversal of the jury verdict. This argument fails because the instructions were non-mandatory, and thus we can consider the instructions given as a whole. *Wiles v. Mahan*, (1981) Ind.App., 405 N.E.2d 593.

■ Our supreme court discussed mandatory instructions in *Perry v. Goss*, (1970) 253 Ind. 603, 605, 255 N.E.2d 923, 925, where they stated:

Instructions which are mandatory in character, which attempt to set up a factual situation directing the jury to a certain result, are to be distinguished from instructions which merely state propositions of law without incorporating a factual situation, as for example telling the jury that if contributory negligence exists the plaintiff is not entitled to recover. In the latter case the court is merely stating propositions of law not based upon a detailed factual situation.

The instruction which Taylor complains about are statements of law and do not incorporate a factual situation. The first instruction is a verbatim statement of IC 9–4–1–57. The second instruction was approved by our supreme court in *McClure v. Miller*, (1951) 229 Ind. 92, 98 N.E.2d 498 and the final instruction was a concise statement of IC 9–4–1–63. Any defect in the instruction because of the lack of a statement concerning excuse or justification was cured by the other instructions on proximate cause. Taylor had the burden and duty to submit more complete instructions and did not. Therefore, any error is waived. *Shoemaker v. Bowman*, (1977) 173 Ind.App. 392, 363 N.E.2d 1278.

■ The next issue Taylor raises on appeal is whether it was reversible error for the trial court to submit a copy of the instructions to the jury for use while deliberating. Although this practice is not recommended, Taylor must demonstrate that she was unduly prejudiced by this action or that this action constituted an abuse of judicial discretion. *McNall v. Farmer's Insurance Group*, (1979) Ind.App., 392 N.E.2d 520. We remain unpersuaded that Taylor was unduly prejudiced by the trial court's action, and any error which resulted was harmless.

The final argument Taylor raises is whether the trial court erred in granting a judgment on the evidence on behalf of Voorhees. Taylor was a guest passenger in Voorhees's vehicle and thus, is governed by *Ind.Code* 9–3–3–1. In order to recover, Taylor had to demonstrate the accident was the result of wilful and wanton misconduct. *Sili v. Vinnedge*, (1979) Ind.App., 393 N.E.2d 251. Taylor alleges that there was sufficient evidence to find Voorhees acted wantonly.

A judgment on the evidence is governed by Ind. Rules of Procedure, Trial Rule 50. In *Cummings v. Hoosier Marine Properties, Inc.*, (1977) 173 Ind.App. 372, 363 N.E.2d 1266, 1271, we discussed the standard for entering such a motion and stated:

a motion for directed verdict only arises after the court has had the opportunity to hear and evaluate all the evidence in the plaintiff's case. Accordingly, the question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party.

The trial court properly granted this motion.

■ In order to prove that Voorhees acted wantonly, Taylor had to demonstrate that Voorhees was (1) conscious of his misconduct; (2) was motivated by a reckless indifference to the safety of his guest; and (3) that he acted knowing his conduct subjected his guest to a high probability of injury. *Sili v. Vinnedge, supra.* In reviewing guest cases, our courts have established guidelines for the trial courts to follow:

1. An error of judgment or a mistake standing alone, on the part of the host, will not amount to wanton or wilful misconduct.

2. The host must have manifested an attitude adverse to the guest, or of "perverseness", in that the host must have shown he was indifferent to the consequences of his conduct.

3. The entire course of conduct of the host leading up to the accident must be considered.

4. If the circumstances are such that reasonable men would know and conclude that their conduct under such circumstances entailed a probability of injury, then the host is chargeable with such knowledge.

*Fielitz v. Alfred,* (1977) 173 Ind.App. 540, 364 N.E.2d 786; *Sili v. Vinnedge, supra.*

■ The evidence most favorable to Taylor merely demonstrates that Voorhees may have been speeding. There was no evidence to demonstrate a perverse intent. Voorhees was not familar with the roadway because this was only the second or third time he had driven on this particular roadway in the past five years. It had been one year since

he had traveled on the road. Taylor admitted that she had a tendency to comment on Voorhees's driving if it displeased her, but she cannot recall making such a comment that day. Taylor did not present evidence of prior reckless activity. The evidence submitted tended to prove that Voorhees was merely negligent and not wanton. Therefore, the judgment on the evidence was proper.

Taylor argues that her case is factually similar to *Sili v. Vinnedge, supra,* and a reversal is required. The present case is consistent with *Sili,* but it is factually distinguishable. In *Sili,* there was evidence proving the driver had knowledge of the road, that the driver's prior conduct was reckless, that the driver refused his passenger's requests to slow down, and that he was aware of the danger of approaching the curve at too fast a speed, and that he was attempting to take the curve at the highest speed possible. None of these factors were established in the present case.

The judgment is affirmed.

RATLIFF, J., concurs in part, dissents in part, and concurs in result with opinion, with NEAL, P. J., concurring.

RATLIFF, Judge, dissenting in part, concurring in part.

I concur in the result reached in Judge Robertson's opinion and in the reasons given for that decision. However, I strongly dissent from the statement above at 423 N.E.2d 701, that sending a copy of the written instructions to the jury room for the jury's use during deliberations is a practice which is not recommended. In my view, sending the written instructions to the jury room, after the trial judge has read them aloud to the jury, is of great assistance to the jury and fosters the purpose of instructions. Therefore, I believe it is a practice which should be encouraged rather than condemned.

I am fully aware that our supreme court in *Jameison v. State,* (1978) 268 Ind. 599, 377 N.E.2d 404, said that as a general rule instructions were not to be sent to the jury

room, but found any error in so doing to be harmless. This court in *McNall v. Farmers Insurance Group*, (1979) Ind.App., 392 N.E.2d 520, *trans. denied* (1981), cited by the majority in support of its position, relying upon *Jameison*, also held such practice was harmless error. On the other hand, this court in *Snelling v. State*, (1975) 167 Ind.App. 70, 337 N.E.2d 829, held such practice to be proper.

The purpose of instructions to the jury is to inform the jury of all matters of law which are necessary for them to consider in arriving at their verdict. Such rules of law must be kept in mind by the jury at all times during their deliberations. To expect them to discharge this duty properly with only their memories of the judge's reading of those instructions to guide them places a heavy burden on lay jurors. Permitting the jury access to the written instructions would ease that burden and aid the jury in performing its assigned duty.

In *Copeland v. United States*, (D.C.Cir. 1945) 152 F.2d 769, 770, *cert. denied* 328 U.S. 841, 66 S.Ct. 1010, 9 L.Ed. 1615, the court said:

> "But we think it is frequently desirable that instructions which have been reduced to writing be not only read to the jury but also handed over to the jury.... We see no good reason why the members of the jury should always be required to debate and rely upon their several recollections of what a judge said when proof of what he said is readily available."

The Supreme Court of Arizona in *Valley Nat. Bank v. Witter*, (1942) 58 Ariz. 491, 121 P.2d 414, 420, held it was commendable for the court to send the written instructions to the jury room, stating:

> "The purpose of the instructions is to advise the jury as to the law, and at all times in considering its verdict a jury should keep them in mind. We can think of no better method of enabling it to do this than to have the written instructions of the court always before it."

In *United States v. Standard Oil Co.*, (7th Cir. 1963) 316 F.2d 884, the court, relying upon *Copeland v. United States, supra*, held

it was not error for the court to hand the jury a copy of its instructions. The reading of the instructions required more than an hour. The court said, at 896: "As litigation grows increasingly complex, the jury often may be helped in their deliberations by having a copy of the instructions before them."

The then existing arguments both for and against sending the instructions to the jury room were reviewed in Note, *The Availability of Written Instructions to the Jury in Indiana*, 33 Ind.L.J. 96 (1957). On page 106 it is said:

> "In jurisdictions which require or permit written instructions to be taken into the jury room as the jury retires, the primary reason advanced for such a practice is the desire to provide a practical method of avoiding errors of memory and to give the jury a better opportunity to understand the precise terms of the instructions. The logical appeal of this practice is apparent. Instructions must be designed to serve an omnibus purpose; and, even a cursory examination of the scope and content of the court's charge indicates the enormity of the burden placed upon the juror's capacity to remember." (Footnote omitted.)

*See also*, Cunningham, *Should Instructions Go Into The Jury Room?*, 33 Calif.St.B.J. 278 (1958).

In *Snelling v. State, supra*, Judge Sullivan disposed of the argument sometimes made that sending instructions to the jury room enhanced the influence of those jurors of greater reading skill in the following language:

> "In light of today's education standards, it is persuasively argued that giving the jury written copies of the instructions which have been read in open court is more likely to promote equality than to rely on equally retentive memories."

167 Ind.App. at 80, 337 N.E.2d at 836.

I do not advocate substitution of written instructions for the reading of the instructions to the jury in open court. Reading of the instructions by the judge in open court is crucial, *Snelling v. State, supra*, and the

failure to do so is reversible error. *Purdy v. State*, (1977) 267 Ind. 282, 369 N.E.2d 633. After the reading of the instructions to the jury, it is clearly not error to send the written instructions to the jury room. In my view, not only is it not error, but it is entirely proper to do so and is a practice to be encouraged, if not required.

In all other respects, I concur in the majority opinion.