BROWN, Judge,
dissenting.
[24] I respectfully dissent from the majority’s conclusion that a genuine issue of material fact exists as to whether Charles was contributorily negligent and its deci *408 sion to reverse and remand on the , trial court’s entry of summary judgment in favor' of the Defendants. Charles walked along Fox Hill Drive in a manner which violated Ind.Code § 9-21-17-14, and there is nothing in the designated evidence to demonstrate he “desired to comply with the law,” which is required in order to rebut the presumption of negligence. See Davison v. Williams, 251 Ind. 448, 457, 242 N.E.2d 101, 105 (1968). Indeed, the designated evidence shows that Charles, in failing to comply with the statute-enacted for his safety, did not contravene the statute in a manner which- might reasonably be expected of a person of ordinary prudence, but instead walked along the wrong side of the road clad in dark clothing and talking on his cell phone. Under these circumstances, I cannot say that the,Hills have rebutted the. presumption "of negligence, and accordingly I.would affirm the trial court’s grant of summary judgment in favor of the Defendants.